**Robert G. FUNSETH, Appellant,**

v.

**GREAT NORTHERN RAILWAY COMPANY, Appellee.**

**No. 21793.**

United States Court of Appeals Ninth Circuit.

Sept. 12, 1968.

---

Carlton R. Reiter (argued), of Reiter, Day & Wall, Portland, Or., Huntington & Borders, Kelso, Wash., for appellant.

Lawrence D. Silvernale (argued), R. Paul Tjossem, Seattle, Wash., Hugh A. Dressel, Spokane, Wash., for appellee.

Before BARNES and CARTER, Circuit Judges, and SWEIGERT, District Judge.*

SWEIGERT, District Judge:

This is an action for damages, brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., by appellant, a railroad brakeman-conductor, against his employer, Great Northern Railway Company, for on-duty injuries sustained by appellant. Plaintiff and appellant appeals from the judgment entered against plaintiff upon a jury verdict in favor of defendant railroad.

The F.E.L.A. 45 U.S.C. § 51, provides:

"Every common carrier by railroad while engaging in commerce * * * shall be *liable* in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * *resulting in whole or in part from the negligence* of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." (emphasis ours)

The main question presented on this appeal is whether the District Court committed prejudicial error in giving to the jury the following instruction:

"* * * The term 'proximate cause' means that cause which in a direct, unbroken sequence produces the injury complained of and without which such injury would not have happened. * * *" (Clerk's Tr. p. 107, lines 1–3)

Plaintiff-appellant, contending that the District Court committed prejudicial error in giving this instruction, mainly relies on Coray v. Southern Pacific Co., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208

---

* WILLIAM T. SWEIGERT, United States District Judge for the Northern District of California, sitting by designation.

(1948); Rogers v. Missouri Pacific Ry. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) and Page v. St. Louis Southwestern Ry. Co., 312 F.2d 84, 98 A.L.R.2d 639 (5th Cir. 1963).

Defendant-appellee, contending that the instructions on the subject of causation must be considered as a whole, argues that the particular instruction complained of is neither erroneous nor inconsistent with the accompanying other instructions which express the liberal rule of causation indicated by the Supreme Court in the *Rogers* case, supra.

The instruction in question was given by the trial court in context with other instructions on the subject of causation. The whole instruction on the subject was as follows:

"A party is not entitled to recover solely because there has been an accident. Any party claiming negligence or contributory negligence has the burden of proving by a preponderance of the evidence that the other party was negligent in some of the particulars claimed and that such negligence was a proximate cause of the injury and damage to plaintiff claimed.

*"The term 'proximate cause' means that cause which in a direct, unbroken sequence produces the injury and without which such injury would not have happened.* \* \* \* (emphasis ours)

"The Federal Employees Liability Act, § 51 provides in part, 'Every common carrier by railroad while engaging in commerce between any of the several states shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce for such injury or death resulting in whole or in part from the negligence of any of the officers. \* \* \*' (Clerk's Tr. p. 109)

"An injury or damage is proximately cause (sic) by an act, or failure to act, whenever it appears from a preponderance of the evidence in the case, that the act or omission played any part, no matter how small, in bringing about, or actually causing, the injury or damage. So, if you should find, from the evidence in the case that any negligence of the defendant contributed in any way or manner, toward any injury or damage suffered by the plaintiff, you may find that such injury or damage was proximately caused by the defendant's act or omission. (Clerk's Tr. p. 110, lines 5–14). "The primary inquiry for you to decide in this case is whether you draw the conclusion that negligence of the railroad employer played any part in bringing about the injury to plaintiff. If you find that any carelessness or negligence on the part of the railroad, or of any employee of the railroad other than the plaintiff, in any way caused or contributed even in the slightest degree to the injury or injuries complained of, then your verdict should be for the plaintiff". (Clerk's Tr. p. 110, lines 15–23).

The particular instruction complained of, together with the matter preceding it, was requested by defendant-appellee. Defendant-appellee also requested the material cited supra to Clerk's Tr. p. 110, lines 5–14.

The remainder of the instruction, cited supra to Clerk's Tr. p. 110, lines 15–23, was requested by the plaintiff-appellant.

Both parties requested the giving of F.E.L.A. § 51, which uses the language "resulting in whole or in part from".

Both parties also used the term "proximate cause" and "cause" in their various requested instructions, e. g., Plaintiff's Requested Instruction No. 11, using the term "proximately caused", and Plaintiff's Requested Instruction No. 8, using the word "caused".

Before instructing the jury the trial judge consulted with both counsel in chambers and informally reviewed their requested instructions. Counsel for plaintiff-appellant called to the court's attention as objectionable, Defendant's Requested Instruction No. 19 wherein the complained-of instruction appears.

The record also shows that at the conclusion of the instructions and during a

jury recess, counsel for plaintiff-appellant, after twice assuring the court that he had no exceptions to the instructions as given, spoke up, saying:

"I think I had better retract that statement * * * Your Honor, at this time the plaintiff excepts to the court's submitting to the jury and instructing them on the subject of proximate cause, and in defining proximate cause, because under the Rogers rule, in the Page case, Page v. Southwestern Railroad, in the recent trend of cases, it is my understanding that proximate cause is no longer a part of the Federal Employees' Liability Act * * * Your Honor said: 'The term "proximate" cause means that cause which in a direct, unbroken sequence produces the injury complained of and without which such injury would not have happened'. I submit, your Honor, that that was error. Later on, in the court's instructions to the jury, the court told them that the negligence of the plaintiff must proximately cause the injury, so I am taking exception to that. * * * "

Defendant-appellee concedes that this is a F.E.L.A. case where, on disputed facts, the jury could have found for plaintiff but did not.

Neither Coray v. Southern Pacific Co., nor Rogers v. Missouri Pacific Ry. Co., strongly relied on by plaintiff-appellant herein, involved instructions concerning the causation required to establish legal liability of a railroad under the F.E.L.A. Both cases dealt with evidentiary situations.

In Coray v. Southern Pacific Company, 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208 (1949) a Utah trial court had directed a verdict for defendant in a Federal Safety Appliance Act case. The Utah State Supreme Court affirmed. The U. S. Supreme Court granted certiorari and reversed upon the ground that decedent

was entitled to recovery if a defective appliance was either the sole or a contributory cause of his death and that upon the evidence in the case the jury could have found that decedent's death resulted in whole or in part from the defective appliance and that it was error to direct a verdict for the railroad. The Supreme Court, referring to the State Court's discussion of distinctions between "proximate cause" in the legal sense and "cause" in the philosophical sense, simply noted that the language of the statute, i. e., "resulting in whole or in part", was clear and direct and that consideration of its meaning by the introduction of dialectical subtleties can serve no useful interpretative purpose.

In Rogers v. Missouri Pac. Ry. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) the Supreme Court was again dealing with an evidentiary situation in which the Missouri Supreme Court had reversed a jury award to plaintiff in a F.E.L.A. case. The Supreme Court granted certiorari and reversed the State Supreme Court upon the ground that the evidence was sufficient to support the jury finding for plaintiff, pointing out that under F.E.L.A. the test of a jury case is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the employee's injury, citing Coray v. Southern Pacific Co., supra.[1]

In Bertrand v. Southern Pacific Co., 282 F.2d 569 (9th Cir. 1960), a F.E.L.A. case in which plaintiff appealed after an adverse jury verdict, one of the questions on appeal was whether the trial judge had erred in failing to give plaintiff's requested jury instruction to the effect that the language of Rogers, i. e., "played any part, even in the slightest, in producing the injury" constituted a "test of the liability of the railroad carrier". The court, affirming, very properly pointed out that Rogers, supra, was con-

---

1. See, Dissenting opinions of Frankfurter (352 U.S. 524, 77 S.Ct. 459) and Harlan (352 U.S. 559, 77 S.Ct. 478) which emphasize that Rogers, and similar cases, involved mere evidentiary review and state that (in the opinion of the dissenters) they should never have been taken up by the Supreme Court.

cerned, not with a "test of liability," but only with a "test of a jury case" and held the proposed instruction faulty in that it bound the jury to find what it was entitled to find but was not required to find.

Neither *Coray* nor *Rogers,* supra, purports to define causality other than to point out that, according to the plain and direct language of the statute, the negligence of the railroad need not be either the sole or the whole cause of the employee's injury so long as it plays some part, however small, in producing the injury.

These authorities do not necessarily make it error for a trial judge to instruct, or at least attempt to instruct, a jury on the meaning of the statutory requirement that the injury must be one "resulting in whole or in part from" the negligence of the railroad. (See, *Rogers,* supra, 352 U.S. pp. 504–505, 77 S.Ct. 443).

■ Certainly, the statutory requirement that the injury must have *resulted from* negligence necessarily implies that the injury must have been *caused by* the negligence. The words "cause" and "result" are correlative terms, each implying the other. The word result, used as a verb, means "to happen or issue as a consequence or effect of some cause". The word "cause" means "that which produces an effect or result, that from which anything proceeds and without which it would not exist." (See, Webster Unabridged Dictionary).

In the instruction here in question the trial court, attempting to further explain the causation required by the statute, told the jury in part that the cause must be a proximate cause, i. e., a "cause which in a direct, unbroken sequence produces the injury and without which the injury would not have occurred."

■ The first question is whether *Coray* and *Rogers* render this instruction erroneous in a F.E.L.A. case. We do not think so.

Both *Coray* and *Rogers* recognize, as this instruction substantially states, that the negligence of the railroad must "contribute" (Coray) at least in part, to the injury and that the negligence must "play a part" (Rogers) even though the very slightest, in producing the injury.

The instruction in question merely adds that the cause of the injury must produce the injury in a "direct, unbroken sequence". We see nothing erroneous in this. Certainly, if the sequence of events between the negligence, on the one hand, and the injury on the other, is broken, then the claimed cause, i. e., the negligence, would not really be a cause at all—nor the injury a "result" of it.

The instruction in question also adds that the cause must be one "without which the injury would not have occurred". We see nothing erroneous in this. Certainly, if the claimed result, i. e., the injury, would have occurred in any event, even without the negligence of the railroad, then the injury would not really be the "result" of the negligence, nor the negligence the cause of it.

The only possible criticism of the questioned instruction is that, if given alone, it might be misleading to the jury in that it might suggest that the negligence of the railroad would have to be the sole and the whole causative factor producing the injury.

In the pending case, however, the questioned instruction was not given alone. It was coupled with other language (precisely the language of *Rogers)* clearly indicating that, if the negligent act or omission of the railroad "played any part, no matter how small, in bringing about or actually causing the injury or damage" or if it "contributed in any way or manner toward the injury", then it would be a proximate cause within the meaning of the court's instructions.

The instructions here, considered as a whole, are not comparable to those quoted and condemned in Page v. St. Louis Southwestern Ry. Co., 312 F.2d 84 at p. 87, 98 A.L.R.2d 639 (5th Cir. 1963) in which a traditional proximate cause instruction was given *without* adding the language of *Coray* or *Rogers* and with-

out attempting in any other way to indicate to the jury that the negligence of the railroad need not be the sole or the whole cause of resulting injury.

Moreover, the court in *Page* made clear (p. 92) that it was not making "any wholesale condemnation of the use of language of proximate causation in cases under this act", adding, "[o]ur holding is confined to the instructions and the facts of this particular case".

Although not cited in the briefs, we have also noted the very recent and carefully considered opinion in Parker v. Atchison, T. & S. F. Ry. Co., 68 Cal. Rptr., 362, Court of Appeal, Second District (Hufstedler, J.) (May 10, 1968), reversing a F.E.L.A. judgment for the railroad (after jury verdict) upon the ground that the trial court prejudicially erred in giving the traditional proximate cause instruction *without* anything more *except* a statement of the substance of 45 U.S.C. § 51.

The instructions in *Parker*, however, like the instructions in *Page*, are not comparable with the instructions given in our pending case. In both *Page* and *Parker* the trial judge gave the traditional proximate cause instruction. The *Parker* instructions differ from *Page* only in that the trial judge in *Parker* added a paraphrase of Title 45 U.S.C. § 51 in which the statutory words "resulting in whole or in part" appear. In neither case, however, did the trial judge add anything to adequately convey the meaning of causation as articulated by *Rogers* to the effect that the negligence of the railroad need not be the sole cause or the whole cause of injury.

*Parker* recognizes that the giving of a traditional proximate cause instruction in a F.E.L.A. case is not necessarily reversible error. The point in *Parker* was that the plaintiff is entitled to an instruction on causation which connotes the controlling spirit of *Rogers*. The court regarded the traditional proximate cause instruction there given [2] as falling substantially short of conveying the *Rog-*

*ers* message. The court noted that the mere addition of a paraphrase of Section 51 did not adequately convey the meaning of *Rogers* because, as the court said, "The words 'or in part' are submerged in a barrage of detailed prose, and to assume that the jury would have grasped the significance of those three words and should have further recognized that the words were an explanation of proximate cause as expressed in BAJI No. 104 attributes unreasonable powers of perception to the jury".

Our pending case is quite different in that the trial judge, although giving a sparse version of the traditional proximate cause instruction as an abstract definition of causation, followed it with specific, formula instructions in which the language, message and spirit of *Rogers* were stated and reiterated in three separate phrasings—so clearly and emphatically that the jury could not have missed the message.

The trial court took the added precaution of reminding the jurors that "You are not to single out one instruction alone as stating the law but must consider the instructions as a whole".

We conclude that the instructions, as here framed for the jury, could not possibly have led the jurors to believe that the negligence of the railroad, in order to result in or cause the employee's injury, would have to be the sole cause or the whole cause.

However, just as in *Page* and *Parker*, so we in this case neither make any wholesale condemnation of the use of a traditional proximate cause instruction in F.E.L.A. cases nor do we necessarily recommend instructions in the particular form here given. We confine our holding to the particular instructions of this case and hold that, considered as a whole, they were neither erroneous, self contradictory nor misleading and that, even if in part erroneous, they were as a whole not prejudicially misleading.

The judgment is, therefore, affirmed.

---

2. B.A.J.I. No. 104.