SMITH, Acting Chief Judge,
concurring:
I concur in the court’s decision and in all of Judge Ervin’s opinion except that part which finds error, albeit harmless error, in the trial court’s adaptation of Florida’s Standard Jury Instruction 5.1a to the FELA context. Charge 5.1a reads
Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the negligence, the injury would not have occurred. (Emphasis added.)
The trial court excised “substantially” from the charge given the jury at this trial, thus properly accommodating the charge to an FELA case. The trial judge might also have charged the jury, but was not requested to do so, with an appropriate revision of charge 5.1b on concurring cause:
In order to be regarded as a legal cause of injury, negligence need not be the only cause. Negligence may be a legal cause of injury even though it operates in combination with some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes [omitting substantially] to producing such injury.
In my view the “but for” language simply requires a causative relationship which must be demonstrated even in FELA cases. The feature that distinguishes FELA cases from others is that the causative effect of the railroad’s negligence may be “slight,” not “substantial,” and yet be actionable. Other portions of the trial court’s jury charge made that point clearly. I do not conceive that the charge was error, harmless or otherwise. See Funseth v. Great Northern Ry. Co., 399 F.2d 918 (9th Cir. 1968), cert. den., 393 U.S. 1083, 89 S.Ct. 865, 21 L.Ed.2d 755; Spinks v. Chevron Oil Co., 507 F.2d 216 (5th Cir. 1975) (discussing identical causative requirements under the Jones Act); 3 Devitt & Blackmar, Federal Jury Practice and Instructions § 94.13 (3d ed. 1977).
The charge here did not speak in terms of “proximate cause,” which the Supreme Court found offensive in Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). Rather, it further ameliorated Florida’s SJI 5.1a on “legal cause,” which itself ameliorated the more stringent requirements for proof of “proximate cause.”