Chester OGLESBY, Plaintiff–Appellee,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Defendant–Appellant.

No. 91–16059.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1992.

Decided Sept. 24, 1993.

Jerome L. Ringler, Fogel, Feldman, Ostrov, Ringler & Klevens, Los Angeles, CA, for plaintiff-appellee.

Terrence A. Jackson, Snell & Wilmer, Tucson, AZ, for defendant-appellant.

Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Defendant, Southern Pacific appeals the district court judgment entered against it after a jury verdict in favor of plaintiff, Charles Oglesby. We reverse and remand for a new trial.

## I. Facts and Proceedings

Oglesby, a locomotive engineer for Southern Pacific, was injured when he attempted to replace an engineer's seat in a locomotive engine. To remove the seat Oglesby reached under it and felt for an L-shaped pin that he expected to be there for the purpose of allowing the seat to be removed. He did not feel any pin and did not look under the seat to determine whether the seat was secured to the pedestal in some other way. Oglesby pulled up on the seat to remove it. Although he lifted and twisted it, it did not come off its pedestal and he injured his back.

The seat had been secured to the pedestal by a permanent "roll" pin which made the seat incapable of being changed by persons other than the roadhouse personnel. It was not the usual type of pin used and Oglesby

was not aware of the use or existence of this type of pin.

Oglesby brought an action in district court alleging violations of the Federal Employers Liability Act, 45 U.S.C. § 51 ("FELA"), claiming he was injured as a result of Southern Pacific's negligence and/or its violation of the Boiler Inspection Act, § 45 U.S.C. § 22 ("BIA").

Southern Pacific's motion for a directed verdict on both the FELA negligence and BIA claims was denied by the district court. The district court also overruled Southern Pacific's objections to the jury instructions.

The case was submitted to the jury with a general form of verdict and a verdict was rendered in favor of Oglesby in the amount of $650,000.

## II. Motion For A Directed Verdict

■■■ Southern Pacific argues that the district court erred in not directing a verdict in favor of Southern Pacific on Oglesby's claim under the BIA, on the ground that the defective seat was not the cause of Oglesby's injuries. A denial of a motion for a directed verdict is reviewed de novo. *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 816 (9th Cir.1992).

Southern Pacific argues that even if the condition of the seat which Oglesby attempted to replace violated the BIA, because its arms were bent, it was improperly tilted and its backrest was not properly supportive, that as a matter of law, these defects were not the cause of Oglesby's injury because Oglesby was injured not because the seat was defective, but because it was secured in a fashion he did not expect. Southern Pacific relies on *Davis v. Wolfe*, 263 U.S. 239, 44 S.Ct. 64, 68 L.Ed. 284 (1923), for the proposition that causation was not established because the defective seat "merely create[d] an incidental condition or situation in which the accident, otherwise caused" occurred. *Id.* at 243, 44 S.Ct. at 66.

In *Davis v. Wolfe*, a conductor was injured while standing on the side of a car to signal a stop. He was holding a defective grab iron which was loose and moved when the train jerked forward, causing him to fall. The

conductor brought a suit against the railroad under § 4 of the Safety Appliance Act which like the BIA requires the same standard of causation as an action under the FELA and provides in pertinent part:

> it shall be unlawful ... to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars.

45 U.S.C. § 4.

The jury awarded damages to the conductor and the railroad appealed arguing that the case should not have gone to the jury because while the defective grab irons caused the injury, there was no breach of duty imposed by § 4 since the conductor was not engaged in the coupling of the cars. The Court held that while an employee cannot recover under the Safety Appliance Act if the violation "merely creates an incidental condition or situation in which the accident, otherwise caused" results in injury, an employee can recover "if the failure to comply with the requirements of the act is a proximate cause of the accident" regardless of whether the employee was "engaged in an operation in which the safety appliances are specifically designed to furnish him protection." *Id.*

Oglesby concedes that causation is required to establish liability under the BIA but contends that a sufficient showing of causation was made in this case to submit the BIA claim to the jury. We agree. This case is similar to *Minneapolis, St. P. & S. Ste. M. Ry. v. Goneau*, 269 U.S. 406, 46 S.Ct. 129, 70 L.Ed. 335 (1926). In *Goneau*, a defective coupler had caused the breaking of the train. The defect was in the carrier iron which held the coupler in position. The plaintiff was injured when he fell while attempting to move the carrier iron into place so as to get the train coupled up again. The Railway Company argued that "the defective condition of the carrier iron was merely a condition presenting the occasion for making the repairs, and not a proximate cause of the accident." *Id.* at 409, 46 S.Ct. at 131. The Court disagreed and affirmed the jury verdict for the plaintiff, finding that the defective coupler was a cause of the accident as

distinguished from a condition creating the situation in which it occurred. *Id.* at 410, 46 S.Ct. at 131.

■ The test of whether a case should be submitted to the jury under the FELA is whether the evidence justifies the conclusion that the violation of the BIA "played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). At trial, Oglesby offered evidence that Southern Pacific violated the BIA by failing to furnish him with a proper and safe seat and that he injured himself in attempting to replace the defective seat. This is sufficient evidence of causation to properly submit the BIA claim to the jury.

This conclusion is further supported by the Supreme Court's finding that the BIA is a safety statute which is to be liberally construed to afford protection to railroad employees. *Lilly v. Grand Trunk W. R.R.*, 317 U.S. 481, 486, 63 S.Ct. 347, 351, 87 L.Ed. 411 (1943).

Therefore, Southern Pacific's motion for a directed verdict was properly denied.

## III. Jury Instructions

Southern Pacific also contends that a new trial should be ordered because the district court erroneously instructed the jury regarding the requirement of causation under the BIA and regarding the elements necessary to constitute a BIA offense.

### A. Standard of Review

■ The standard of review on appeal for an alleged error in jury instructions depends on the nature of the claimed error. When an appellant alleges an error in the formulation of the jury instructions, the instructions are considered as a whole and an abuse of discretion standard is applied to determine if they are misleading or inadequate. *Oviatt v. Pearce*, 954 F.2d 1470, 1481 (9th Cir.1992). However, where an appellant claims the trial court misstated the elements that must be proved at trial, the reviewing court must view the issue as one of law and review the instructions de novo. *Caballero v.*

*City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992).

■ An error in instructing the jury in a civil case does not require reversal if it is more probable than not that it is harmless. *Id.*

### B. Causation

Southern Pacific argues that the jury was not properly instructed on the standard of causation required to establish liability under the BIA. It contends that the jury should have been instructed that the violation of the BIA was a "proximate" or "direct" cause of Oglesby's injury.

■ The standard of causation required in a BIA per se negligence case is the same as the standard of causation required in a traditional FELA negligence case. *See e.g., Urie v. Thompson*, 337 U.S. 163, 188–89, 69 S.Ct. 1018, 1033–34, 93 L.Ed. 1282 (1949); *Carter v. Atlanta & St. Andrews Bay Ry.*, 338 U.S. 430, 434, 70 S.Ct. 226, 229, 94 L.Ed. 236 (1949); *Green v. River Terminal Ry.*, 763 F.2d 805, 810 (6th Cir.1985). Therefore, we must consider the statutory language of the FELA and the case law interpreting it to establish the degree of causation required under the BIA.

The FELA provides in pertinent part:

Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death *resulting in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier.

45 U.S.C. § 51 (emphasis added).

■ It is well established that the FELA does not provide worker's compensation, but that liability is based upon negligence having a causal connection with the injury. *See e.g., Inman v. Baltimore & O. R.R.*, 361 U.S. 138, 140, 80 S.Ct. 242, 243, 4 L.Ed.2d 198 (1959).

Southern Pacific cites *Davis v. Wolfe*, 263 U.S. at 243, 44 S.Ct. at 66 (discussed above) for the proposition that "proximate cause" is required under the FELA. However, while the Court spoke in terms of proximate causation in *Davis*, it did not attempt to define the

term and in *Rogers v. Missouri Pac. R.R.*, 352 U.S. at 506, 77 S.Ct. at 448, the Supreme Court indicated that the standard of causation required under the FELA differs from common-law proximate cause.

In *Rogers,* the Supreme Court of Missouri had reversed a jury verdict for the plaintiff on the ground that the evidence did not support a finding of liability. The Supreme Court held that the evidence supported the jury's verdict and that the Missouri court's reversal violated the jury's function.

The test used by the Missouri court to determine whether the evidence required submission of the case to the jury was that the evidence "must show that 'the injury would not have occurred but for the negligence' of [the] employer, and that '[t]he test of whether there is a causal connection is that, absent the negligent act the injury would not have occurred.'" *Id.* (quoting *Rogers v. Thompson,* 284 S.W.2d 467, 471 (Mo.1955)). The Court disapproved of this test stating that:

> [This] is language of proximate causation which makes a jury question dependent upon whether the jury may find that the defendant's negligence was the sole, efficient, producing cause of injury.
>
> Under [the FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence.

*Id.* (footnotes omitted).

While *Rogers* established the test of a jury case rather than the test of liability, this language has been read to indicate that common law "proximate cause" is not required under the FELA. *See, e.g., Page v. St. Louis Sw. Ry.,* 312 F.2d 84, 89 (5th Cir.1963) ("The definite departure from traditional common-law tests of proximate causation as applied to the [FELA] came in *Rogers.*")

The first Ninth Circuit case to address the issue of causation under the FELA was *Bertrand v. Southern Pac. Co.,* 282 F.2d 569 (9th Cir.1960), *cert. denied,* 365 U.S. 816, 81 S.Ct. 697, 5 L.Ed.2d 694 (1961). In *Bertrand,* the plaintiff appealed from a jury verdict for the defendant railroad, arguing that it was reversible error for the district court to refuse to give a proposed instruction which read:

> [T]he test of liability ... is simply whether the proofs justify with reason the conclusion that the employer's negligence ... played any part, even in the slightest, in producing the injury for which damages are sought. It does not matter that from the evidence the jury may also with reason on grounds of probability attribute the result to other causes.

*Id.* at 572 n. 3.

We noted that this proposed instruction paraphrased the language found in *Rogers* but that the Court in *Rogers* "was not speaking of 'the test of liability of the railroad carrier' ... but 'the test of a jury case.'" *Id.* at 572–73. We held:

> If the proofs justify with reason the conclusion that employer negligence played any part, 'even the slightest,' in producing the injury or death, then the issue of causal relation must go to the jury.... But the fact that the proofs or evidence justify with reason a finding of causal relation does not mean that the jury is required to make such a finding.
>
> The proposed instruction is faulty because it bound the jury to find what it was entitled to find but was not required to find.

*Id.* at 573.

We concluded that the district court did not err in refusing to give the requested instruction. *Id.*

We again addressed the issue of causation under the FELA in *Funseth v. Great N. Ry.,* 399 F.2d 918 (9th Cir.1968), *cert. denied,* 393 U.S. 1083, 89 S.Ct. 865, 21 L.Ed.2d 775 (1969). In *Funseth,* the jury returned a verdict for the railroad and the plaintiff appealed on the ground that the court had improperly instructed the jury that proxi-

mate cause was required under the FELA. *Id.* at 919.

The railroad argued that considering the instructions on the subject of causation as a whole, the complained of instruction on proximate cause was not erroneous in light of the accompanying instructions which expressed the liberal rule of causation established by the Supreme Court in *Rogers*.[1] *Id.* at 920.

We compared the instruction given in *Funseth* with an instruction condemned by the Fifth Circuit in *Page v. St. Louis Sw. Ry.,* 312 F.2d at 87–92. We noted that in *Page,* a traditional proximate cause instruction was given without adequately conveying "the meaning of causation as articulated by *Rogers* to the effect that the negligence of the railroad need not be the sole cause or the whole cause of injury." *Funseth* at 922–23. In contrast, we held that the instruction in *Funseth* was not erroneous, because the complained of instruction on proximate cause was followed with "specific, formula instructions in which the language, message and spirit of *Rogers* were stated and reiterated in three separate phrasings—so clearly and emphatically that the jury could not have missed the message." *Id.* at 923.

In conclusion, we stated that:

[W]e ... neither make any wholesale condemnation of the use of a traditional proximate cause instruction in F.E.L.A. cases nor do we necessarily recommend instructions in the particular form here given. We confine our holding to the particular

instructions of this case and hold that, considered as a whole, they were neither erroneous, self contradictory nor misleading and that, even if in part erroneous, they were as a whole not prejudicially misleading.

*Id.*

 *Funseth* establishes that it is not prejudicial error for a court to instruct the jury that the alleged BIA violation must be a "proximate cause" of the injury, or that cause which produces the injury in a "direct, unbroken sequence" as long as the jury is also instructed that causation is established if the violation played "any part, no matter how small, in bringing about or actually causing the injury." Southern Pacific now presents the question of whether it is prejudicial error for a court to instruct that the alleged BIA violation need only play "any part, no matter how small, in bringing about or actually causing the injury," without also instructing that the violation must be a direct or proximate cause.

In the case at hand, the court instructed the jury as follows:

Instruction 32

If you should find from a preponderance of the evidence that the defendant violated the [BIA], as alleged, and that violation *played any part, no matter how small, in bringing about or actually causing injury* to the plaintiff, then the plaintiff is entitled to recover from the defendant such damages as the jury

---

1. The instruction on causation in *Funseth* read:

A party is not entitled to recover solely because there has been an accident. Any party claiming negligence ... has the burden of proving by a preponderance of the evidence ... that such negligence was a proximate cause of the injury....

*The term "proximate cause" means that cause which in a direct, unbroken sequence produces the injury and without which such injury would not have happened....* (emphasis [added])

The [FELA] provides in part, "Every common carrier by railroad ... shall be liable ... for such injury or death resulting in whole or in part from the negligence of any of the officers." ...

An injury or damage is proximately cause (sic) ... whenever it appears from a preponderance of the evidence in the case, that the act or omission played any part, no matter

how small, in bringing about, or actually causing, the injury or damage. So, if you should find, from the evidence in the case that any negligence of the defendant contributed in any way or manner, toward an injury or damage suffered by the plaintiff, you may find that such injury or damage was proximately caused by the defendant's act or omission....

The primary inquiry for you to decide in this case is whether you draw the conclusion that negligence of the railroad employer played any part in bringing about the injury to plaintiff. If you find that any carelessness or negligence on the part of the railroad, or of any employee of the railroad other than the plaintiff, in any way caused or contributed even in the slightest degree to the injury ... then your verdict should be for the plaintiff.

*Id.* at 920.

shall find from a preponderance of the evidence that the plaintiff actually sustained *as a result of the violation* of the [BIA], without any requirement of a showing of negligence on the part of the defendant.

(emphasis added).[2]

We hold that this instruction properly expressed the requirement of causation under the BIA and that it was not prejudicial error for the court to refuse to instruct the jury that the BIA violation was the proximate or direct cause of the injury.

This holding is consistent with the case law of several other circuits which have found the "proximate cause" is not required to establish causation under the FELA. *See e.g., Nicholson v. Erie R.R.,* 253 F.2d 939, 940 (2nd Cir.1958) (Under the FELA "negligence need not be the proximate cause of the injury. The FELA has its own rule of causation. The injury need only be one 'resulting in whole or in part' from the negligence."); *Page,* 312 F.2d at 89 (holding a proximate cause instruction prejudicially erroneous); *Tyree v. New York Cent. R.R.,* 382 F.2d 524, 529 (6th Cir.), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967) ("[I]t would be better in [FELA] cases if no mention of proximate cause whatever was made to the jury."); *Hausrath v. New York Cent. R.R.,* 401 F.2d 634, 637 (6th Cir.1968) (In the FELA "Congress deliberately adopted a negligence standard different from that of the common law."); *Fletcher v. Union Pac. R.R.,* 621 F.2d 902, 909 (8th Cir.1980), *cert. denied,* 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981) ("The test of causation under the FELA is whether the railroad's negligence played any part, however small, in the injury which is the subject of the suit.").

This holding is also consistent with prior Ninth Circuit cases which have noted that "[u]nder the FELA, an employee is entitled to recover damages if the employer's negligence played *any* part in producing the injury, no matter how slight." *Taylor v. Burlington N. R.R.,* 787 F.2d 1309, 1313 (9th Cir.1986); *see also Ellison v. Shell Oil Co.,* 882 F.2d 349, 353 (9th Cir.1989) ("An employee can recover damages under the FELA if the employer's negligence played any part, however slight, in producing his or her injury.").

Southern Pacific also argues that instruction 32 is erroneous because it improperly confuses the test of a jury case under *Rogers* with the test of liability. Under *Rogers,* a jury test is presented if "the proofs *justify with reason* the conclusion that employer negligence played any part even the slightest, in producing the injury." *Rogers,* 352 U.S. at 506, 77 S.Ct. at 448. Similarly, the jury instruction which we found erroneous in *Bertrand,* provided that "the test of liability ... is simply whether the proofs *justify with reason* the conclusion that the employer's negligence ... played any part, even the slightest, in producing the injury." *Bertrand,* 282 F.2d at 572 n. 3.

Instruction 32, on the other hand, does not require the jury to find causation merely because "the proofs justify with reason" such a conclusion. Before liability can be imposed, instruction 32 requires a jury to actually conclude that the BIA violation played a part in "bringing about or actually causing injury to the plaintiff." *See Page,* 312 F.2d at 91–92 (making this distinction).

## C. Elements of a BIA Offense

■ Southern Pacific argues that instructions 30 and 31 were erroneous because they

2. The court rejected the following instruction on causation submitted by Southern Pacific:
 The Plaintiff cannot recover under the [BIA] if the defendant's failure to comply with the [BIA] is not a *proximate cause* of the injury but *merely created an incidental condition or situation in which the accident, otherwise caused, resulted in an injury.*
 (emphasis added).
 The court also rejected the following instruction, proposed by Southern Pacific as an alternative to instruction 32:

If you find from a preponderance of the evidence that the defendant violated the [BIA], as alleged, and that the violation was a *contributing cause in bringing about or actually causing injury* to the plaintiff, the plaintiff is entitled to recover from the defendant such damages as you find in accordance with these instructions plaintiff has sustained as a result of the violation of the [BIA].
(emphasis added).

improperly allowed the jury to find a violation of the BIA without finding that the defects in the seat posed a safety hazard. We agree.

The BIA provides in part:

It shall be unlawful for any railroad to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such railroad without unnecessary peril to life or limb.

45 U.S.C. § 23.

Oglesby argues that a violation of the BIA can be established by a mere showing that the seat did not work efficiently. However, we have found no case in which a violation was established without a showing that the alleged defect created a safety hazard.

Instruction 30 set out the standard for determining whether the BIA has been violated and provided:

The [BIA] provides that it is unlawful for any railroad to use or permit to be used on its line any locomotive unless the locomotive, its boiler, tender, and all parts and appurtenances of it are in proper condition and safe to operate in the service to which they are put. A seat in a locomotive engine is a part or appurtenance covered by the act.

Instruction 30 alone is not problematic. However, instruction 31 provided:

To establish a violation of the [BIA] it is not necessary to show any negligence on the part of the defendant railroad and it is not necessary to show a mechanical defect. Proof of the failure of an appliance to work efficiently, when used in its customary and proper manner, fastens liability on the railroad without a specific defect. *Plaintiff need only establish that on the occasion in question the item covered by the [BIA] did not work properly.*

(emphasis added).

We agree with Southern Pacific that read together, these instructions improperly allow the jury to find a violation of the BIA merely because the seat was not in a proper condition rather than because it was unsafe, as the statute requires.

Oglesby also argues that even if the jury instructions should have required the jury to find that the alleged defects were unsafe, it is more probable than not that the error is harmless since in finding that the defective seat caused his injury the jury must also have found that the seat was unsafe. However, the alleged defects themselves must first be found to be unsafe in order to constitute a violation of the BIA. Only once this finding has been made is a BIA violation established and an inquiry into whether the defective seat was the proximate cause of the injury relevant. Therefore, we cannot say that it is more probable than not that the jury would have found alleged defects unsafe, and reversal is warranted.

## IV. General Verdict

Oglesby argues that even if the jury instruction regarding the BIA claim was erroneous, the general verdict can still be upheld on the basis of the negligence claim. However, in this case, to support a verdict in favor of Oglesby on the BIA claim requires factual findings different from that required under the negligence claim. Additionally, the defense of comparative negligence is available under the negligence claim but not under the BIA claim and therefore may not have been considered by the jury.

Therefore, we will not exercise our discretion to uphold a general verdict in a case such as this where the two theories presented rely on different factual findings and where only one theory allows the defenses of comparative negligence. *Traver v. Meshriy*, 627 F.2d 934, 938–39 (9th Cir.1980).

REVERSED and REMANDED.