133 F.3d 927
 11 NDLR P 207
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen JOHNSON, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary of Veteran Affairs, Defendant-Appellee.
 No. 95-36261.
 United States Court of Appeals, Ninth Circuit.
 Dec. 17, 1997.
 
 1
 Before FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER,** Senior District Judge
 
 
 2
 MEMORANDUM*
 
 
 3
 Stephen Johnson appeals the district court's judgment entered on a jury verdict in favor of defendant-appellee, Secretary of Veterans Affairs. Johnson, a cardiologist employed at the American Lake Veterans Affairs Medical Center, alleged that he was discharged because of his mental and physical disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794 ("the Act").
 
 
 4
 The appeal raises two issues: (1) whether the court committed reversible error in giving Instruction 18, and (2) whether the court committed reversible error in failing to give an instruction defining timeliness.
 
 DISCUSSION
 
 5
 The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 791 and 794. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 6
 A. Instruction 18--Knowledge of an Employee's Nonobvious Disability
 
 Instruction 18 stated:
 
 7
 An employer knows an employee has a disability when the employer is told of or learns of a claimed disability, and the employer has information from which the employer should reasonably conclude that the claim of disability is probably true
 
 
 8
 Johnson contends that this instruction misstates the law defining "knowledge" by imposing a burden upon the employee to provide additional information to the employer regarding the disability in order to state a claim under the Act. Instead, Johnson argues, notice of a disability from an employee and a request for reasonable accommodation is sufficient to trigger the employer's obligations under the Act.
 
 
 9
 On appeal from the giving of an instruction, "the adequacy of jury instructions is not determined by the giving of any one instruction, but by examining the instructions as a whole." United States v. Ancheta, 38 F.3d 1114, 1116 (9th Cir.1994) (quoting United States v. Boekelman, 594 F.2d 1238, 1240 (9th Cir.1979); see also City of Long Beach v. Standard Oil Co. of Cal., 46 F.3d 929, 933 (9th Cir.1995). Alleged misstatements of the law in jury instructions are reviewed de novo if necessary elements to be proved at trial ire involved. Standard Oil, 46 F.3d at 933. Assuming (without deciding) that Johnson's objection to Instruction 18 viewed in isolation has merit, that instruction must be examined in the context of all of the instructions the court gave. In Instruction 21 the court dealt specifically with the employer's duty to investigate. It stated:
 
 
 10
 When a federal employer becomes aware, or reasonably should be aware, that an employee is a handicapped person, the employer must conduct a reasonable inquiry into the employee's work and medical history, [and] analyze the nature of the employee's handicap....
 
 
 11
 This instruction, by articulating the employer's duty of reasonable inquiry, specifically addressed Johnson's objection that Instruction 18 allowed the employer to avoid claims by doing nothing or placed a burden on the employee to provide additional information. Even if Instruction 18 were interpreted as requiring that the employer have reliable information, Instruction 21 imposed an affirmative obligation on the employer to investigate even if it only had reason to believe that an employee has a disability. The two instructions, read together, sufficiently explain the requirements of the law and satisfy Johnson's objections.
 
 
 12
 B. Proposed Instruction 14--Definition of "In a Timely Manner"
 
 
 13
 Instruction 12 (to which no objection was made) correctly stated the requisite elements of Johnson's claim. It stated in relevant part:
 
 
 14
 On plaintiff's employment discrimination claim, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:
 
 
 15
 ...
 
 
 16
 3. Plaintiff notified the Agency about his handicaps in a timely manner, so they knew or should have known that he was an individual with handicaps; and
 
 
 17
 4. Plaintiff was discharged because of his handicaps.
 
 
 18
 Johnson complained that the court failed to give a definition of the phrase "in a timely manner" but proposed no instruction on the point. Johnson offered Proposed instruction 14, entitled "Notification About Handicaps," which did not explicitly define "in a timely manner" but instructed that, to obtain reasonable accommodation, the employee must notify the agency and may do so as late as his reply to a notice of proposed discharge. The court declined to give the instruction because it found no need for further definition of "in a timely manner" when the defendants clearly had notice of the alleged disability before issuing the order of discharge.
 
 
 19
 The wording or formulation of jury instructions is reviewed for abuse of discretion to determine if they are misleading or inadequate. See Oglesby v. Southern Pac. Transp. Co., 6 F.3d 603, 606 (9th Cir.1993). Johnson contends that "a proper instruction [would] define timely as anytime before discharge." Instruction 12, however, fairly read, made that point. Paragraphs 3 and 4, read in sequence, tell the jury that the employer must have notice sometime before discharge of the employee; otherwise, the jury could not find that "plaintiff was discharged because of his handicap."
 
 
 20
 Furthermore, Johnson's assertion that "[w]hether Johnson notified the Agency about his disability 'in a timely manner' was a major issue at trial" is, in fact, false. The issue of timeliness was not contested by the defendants at trial. Defendants argued Johnson was fired for insubordination and not for his alleged disability by emphasizing that Johnson had never claimed a disability or sought accommodation until after he had already been given notice of proposed discharge for insubordination. Thus the issue was not the timeliness of notice but rather the reason for discharge, i.e., whether the discharge was because of his asserted disability. Thus, even if the instructions were deficient with regard to defining "in a timely manner," any error was not prejudicial.
 
 CONCLUSION
 
 21
 We conclude that the instructions, considered as a whole, fairly and adequately covered the issues presented, correctly stated the law and were not misleading, and that the district court did not abuse its discretion. See Abromson v. American Pac. Corp., 114 F.3d 898, 902 (9th Cir.1997). Accordingly, the judgment is AFFIRMED.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3