**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>STEVEN BLAIR,<br><br>          Plaintiff - Appellee,<br><br>  v.<br><br>THE SCHWAN FOOD CO., aka<br>SCHWAN'S HOME SERVICE, INC.,<br><br>          Defendant - Appellant.</td><td>No. 10-36016<br><br>D.C. No. 1:09-cv-00057-CSO<br><br><br>MEMORANDUM<sup>*</sup></td></tr>
</table>

Appeal from the United States District Court
for the District of Montana
Carolyn Ostby, District Judge, Presiding

Argued and Submitted September 1, 2011
Missoula, Montana

Before: O'CONNOR, Associate Justice,** REINHARDT and THOMAS,
Circuit Judges.

    A Montana jury found that Schwan's Home Service, Inc. wrongfully

discharged Steven Blair under the Montana Wrongful Discharge from

---

     *     This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

     **    The Honorable Sandra Day O'Connor, Associate Justice of the
Supreme Court (Ret.), sitting by designation.

Employment Act ("WDEA"), Mont. Code Ann. §§ 39-2-901, *et seq*., and the

district court entered judgment for Blair. Schwan's appeals the district

court's denial of its motion for directed verdict and Federal Rule of Civil

Procedure 59(e) motion for an altered or amended judgment and/or new

trial.[1]

This Court reviews the district court's denial of a motion for directed

verdict *de novo*. *See Oglesby v. S. Pac. Transp. Co*., 6 F.3d 603, 605 (9th

Cir. 1993). We review the district court's denial of a Rule 59(e) motion for

abuse of discretion. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS,

Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993). We now affirm.

Under the WDEA, a discharge is wrongful if it "was not for good

cause and the employee had completed the employer's probationary period

of employment." Mont. Code Ann. § 39-2-904(1)(b). The WDEA further

defines "good cause" as "reasonable job-related grounds for dismissal based

on a failure to satisfactorily perform job duties, disruption of the employer's

operation, or *other legitimate business reason*." *Id*. § 39-2-903(5) (emphasis

added). A "legitimate business reason," in turn, is one that is not "false,

whimsical, arbitrary or capricious, and … ha[s] some logical relationship to

---

[1] Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision.

the needs of the business." *Kestell v. Heritage Health Care Corp.*, 858 P.2d 3, 7 (Mont. 1993); *cf. Marcy v. Delta Airlines*, 166 F.3d 1279, 1282 (9th Cir. 1999) ("This court must interpret and apply Montana law as it believes the Montana Supreme Court would apply it.").

Schwan's contends that the district court should have directed a verdict for Schwan's without sending the issue of "good cause" to the jury. Schwan's argues that Blair admitted to hiring a "lumper"—a non-employee paid in cash to help unload a truck—and thus admitted to engaging in the conduct for which he was terminated. Blair, however, submitted evidence that Schwan's decision to terminate him for using a lumper was "arbitrary or capricious," rather than justified by good cause. Blair claimed that his supervisor had emailed written approval of his use of a lumper and that hiring lumpers was a longstanding, common, and condoned practice among Schwan's employees. Evidence existed that, when construed in the light most favorable to Blair, could lead a rational jury to believe that Schwan's acted arbitrarily in terminating Blair. *See Johnson v. Costco Wholesale*, 152 P.3d 727, 734 (Mont. 2007) (years of repeated violations and evidence that other employees violated the policy "may lead a jury to believe that Costco did not have good cause to discharge Johnson because it applied its employment policy in an arbitrary and capricious manner"). Because a

3

directed verdict is only "proper when the evidence permits only one reasonable conclusion," the district court did not err in denying Schwan's motion and submitting the issue to the jury for its ultimate resolution. *Amarel v. Connell*, 102 F.3d 1494, 1517 (9th Cir. 1996).

Schwan's further contends that, once the jury delivered its verdict for Blair, the district court should have granted Schwan's Rule 59(e) motion for an altered or amended judgment and/or new trial. A Rule 59(e) motion, however, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). In denying the motion, the district court again reasoned that there was evidence in the record that, while contested by Schwan's, supported the jury's verdict that, under the totality of the circumstances, Schwan's lacked good cause for terminating Blair. For example, Blair's supervisor, Oliver Cornett, testified that he had emailed Blair instructions to keep an individual named Matt Halstead "lumping until we get him through the system." Schwan's Human Resources Manager for the region, Roger Evert, acknowledged that there had been incidents of lumping within the company in the past. Blair himself testified that he had learned the practice of hiring

4

lumpers in 2001 from a Schwan's facility supervisor in Belgrade, Montana, who paid lumpers $35 or $40 cash to unload trucks on numerous occasions. Blair further reported that a material handler at the depot in Billings, Montana, taught him how to pay a lumper and account for the cash payment on Schwan's hand-held computer system. In light of that evidence, the district court committed no abuse of discretion in determining that there had been no "clear error" or manifest injustice in the proceedings warranting Rule 59(e)'s extraordinary relief.

We therefore affirm the district court's denial of Schwan's motion for directed verdict and Rule 59(e) motion for an altered or amended judgment and/or new trial.

**AFFIRMED.**

5