## CORAY, ANCILLARY ADMINISTRATOR, *v.* SOUTHERN PACIFIC CO.

No. 54.   Argued December 6–7, 1948.—Decided January 3, 1949.

*Parnell Black* argued the cause for petitioner. With him on the brief were *Calvin W. Rawlings* and *Harold E. Wallace.*

*A. H. Nebeker* argued the cause for respondent. With him on the brief were *Paul H. Ray* and *S. J. Quinney.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This action was brought in a Utah state court under the Federal Safety Appliance and Federal Employers' Liability Acts [1] to recover damages for the death of Frank Lucus, an employee of the respondent railroad. The decedent's death occurred when a one-man flat-top motor-driven track car crashed into the back end of an eighty-two-car freight train on a main-line track at a point near Lemay, Utah. Both train and motorcar were being operated in an eastward direction on railroad business. The train unexpectedly stopped just before the crash occurred because the air in its brake lines escaped, thereby locking the brakes. The air had escaped because of a violation of the Federal Safety Appliance Act in that the threads on a valve were so badly worn that a nut became disconnected. When the brakes locked, the motorcar was several hundred feet behind the freight train moving at about the same rate as the train, not an excessive rate under ordinary circumstances. The motorcar was equipped with brakes which had they been applied could have stopped the car within a distance of about one hundred feet. But the decedent who was in control of the car did not apply the brakes. Apparently he and another employee with him were looking backward toward a block signal and therefore did not know the train had stopped. [2]

---

[1] 27 Stat. 531, 45 U. S. C. §§ 1, 8, 9; 35 Stat. 65, as amended, 36 Stat. 291, and 53 Stat. 1404, 45 U. S. C. §§ 51, 53.

[2] Petitioner was employed by the railroad as a signal maintainer. The other occupant of the motorcar had just been employed to

Despite the proof that the train had stopped because of the railroad's violation of the Federal Safety Appliance Act, the state trial judge directed the jury to return a verdict in the railroad's favor. This resulted from the court's holding that the Act didn't apply to Mr. Lucus, that the Act's protection against defective brakes did not extend to employees following and crashing into a train which stopped suddenly because of defective brake appliances.

On appeal the State Supreme Court affirmed. — Utah —, 185 P. 2d 963. That court agreed with the trial court's interpretation of the Safety Appliance Act and also held that the evidence failed to show that the defective appliance was the "legal" cause of the crash and of the death of decedent. The obvious importance of the restrictive interpretation given to the two federal Acts prompted us to grant certiorari.

*First.* We cannot agree with the State Supreme Court's holding that although the railroad ran its train with defective brakes it thereby "violated no duty owing" to the decedent. That court said that the object of the Safety Appliance Act "insofar as brakes might be concerned, is not to protect employees from standing, but from moving trains."

We do not view the Act's purpose so narrowly. It commands railroads not to run trains with defective brakes. An abrupt or unexpected stop due to bad brakes might be equally dangerous to employees and others as a failure to stop a train because of bad brakes. And this Act, fairly interpreted, must be held to protect all who

work in the same capacity. This was the new employee's first trip and he took the trip to familiarize himself with the signals. Both occupants of the car were seated and looking back in the direction of a block signal. Contributory negligence is not a defense to this action.

need protection from dangerous results due to maintenance or operation of congressionally prohibited defective appliances. *Fairport, P. & E. R. Co.* v. *Meredith,* 292 U. S. 589, 597. Liability of a railroad under the Safety Appliance Act for injuries inflicted as a result of the Act's violation follows from the unlawful use of prohibited defective equipment "not from the position the employee may be in or the work which he may be doing at the moment when he is injured." *Brady* v. *Terminal R. Assn.,* 303 U. S. 10, 16; *Louisville & N. R. Co.* v. *Layton,* 243 U. S. 617, 621. In this case where undisputed evidence established that the train suddenly stopped because of defective air-brake appliances, petitioner was entitled to recover if this defective equipment was the sole or a contributory proximate cause of the decedent employee's death. *Davis* v. *Wolfe,* 263 U. S. 239, 243; *Spokane & I. E. R. Co.* v. *Campbell,* 241 U. S. 497, 509–510.

*Second.* The Utah Supreme Court reviewed the evidence here and held as a matter of law that the defective equipment did not proximately cause or contribute to the decedent's death. That court discussed distinctions between "proximate cause" in the legal sense, deemed a sufficient cause to impose liability, and "cause" in the "philosophic sense," deemed insufficient to impose liability. It considered the stopping of this train to have been a cause of decedent's death in the "philosophic sense" in that the stopping created "a condition upon which the negligence of plaintiffs' intestate operated," one perhaps of many causes "so insignificant that no ordinary mind would think of them as causes." The court added, however, that the stopping "was not the legal cause of the result," thereby classifying it as not "a substantial factor as well as actual factor in bringing about" the decedent's death. This conclusion was reached in part

upon the reasoning that "The leak in the triple valve caused the train to stop, because as a safety device, it was designed to do just that."

The language selected by Congress to fix liability in cases of this kind is simple and direct. Consideration of its meaning by the introduction of dialectical subtleties can serve no useful interpretative purpose. The statute declares that railroads shall be responsible for their employees' deaths "resulting in whole or in part" from defective appliances such as were here maintained. 45 U. S. C. § 51. And to make its purpose crystal clear, Congress has also provided that "no such employee . . . shall be held to have been guilty of contributory negligence in any case" where a violation of the Safety Appliance Act, such as the one here, "contributed to the . . . death of such employee." 45 U. S. C. § 53. Congress has thus for its own reasons imposed extraordinary safety obligations upon railroads and has commanded that if a breach of these obligations contributes in part to an employee's death, the railroad must pay damages. These air-brakes were defective; for this reason alone the train suddenly and unexpectedly stopped; a motor track car following at about the same rate of speed and operated by an employee looking in another direction crashed into the train; all of these circumstances were inseparably related to one another in time and space. The jury could have found that decedent's death resulted from any or all of the foregoing circumstances.

It was error to direct a verdict for the railroad. The judgment of the State Supreme Court is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*