## CENTRAL OF GEORGIA RY. CO. v. GREENE.

### No. 14207.

United States Court of Appeals Fifth Circuit.

March 26, 1953.

W. H. Sadler, Jr., Birmingham, Ala. (Sadler & Sadler, Birmingham, Ala., of counsel), for appellant.

Jos. S. Lord, III, Philadelphia, Pa., G. Ernest Jones, Jr., Birmingham, Ala. (Beddow & Jones, Birmingham, Ala., Richter, Lord & Farage, Philadelphia, Pa., of counsel), for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for the plaintiff rendered pursuant to the verdict of a jury in the court below after a trial upon the merits. Originally brought upon a complaint in two counts (the first under the Federal Employers Liability Act, 45 U.S. C.A. § 51 et seq., the second under the Safety Appliance Act, 45 U.S.C.A. § 1 et seq.), the case was submitted to the jury, after a pretrial conference, upon issues joined un-

der count two. It was agreed at the pretrial hearing that the defendant's plea of the general issue to the charge of a violation of the Safety Appliance Act would carry with it the defense that the plaintiff's act was the proximate cause of his injury and constituted a separate intervening cause between the injury and the alleged violation of the Safety Appliance Act.

The evidence showed that the plaintiff was an engineer, 56 years of age, who had been employed by the defendant for about 25 years at the time of the accident, which occurred on the 24th of May, 1951, about 12:30 P. M., on a freight train operating from Birmingham, Alabama, to Columbus, Georgia.

Immediately prior to the accident, the train had performed some switching operations at the town of Alexander City, Alabama, and proceeded east on a passing track about one-half a mile to the plant of the Standard Oil Company, where a tank car was switched into a siding at that plant. The particular freight car involved in this accident was kicked into the spur at the Avondale Mill plant, located about a mile east of the Standard Oil plant. Due to a defective brake, the kicked car rolled back toward the train from which it had been kicked, striking the locomotive in which the plaintiff was riding, with the result that he was thrown, or was forced to jump, out of the cab and received serious bodily injuries.

The verdict of the jury, which was supported by substantial evidence, established the fact that the appellee's injury was caused in whole or in part by the appellant's violation of the Safety Appliance Act, which consisted in having in use on its line a car equipped with a defective brake that would not work. 45 U.S.C.A. § 11. The appellant argues that the engineer's negligence was the sole proximate cause of his injury, but this contention is without any factual substance. The worst that can be said on this subject against the engineer is that he made a mistake of judgment in trying to extricate his train and himself from sudden danger when he saw the car rolling back toward him. There was nothing willful or wanton in what he did; and, if it amounted to contributory negligence or as-

sumption of risk, it is no defense. Title 45 U.S.C.A. §§ 7 and 53. There is no factual basis for the contention that the defective brake on the car did not materially and proximately contribute in part to the appellee's injury. Coray v. Southern Pac. Co., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208.

The other points raised by the appellant are procedural in character; we have painstakingly considered them all; and we find no reversible error in any of them. Therefore, the judgment appealed from should be affirmed, and it is so ordered.

Affirmed.