Michael J. ROGERS, Plaintiff-Appellee,

v.

ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Defendant-Appellant.

No. 12017.

United States Court of Appeals Seventh Circuit.

Oct. 9, 1957.

Rehearing Denied Nov. 21, 1957.

Harlan L. Hackbert, Chicago, Ill., Stevenson, Conaghan, Velde & Hackbert, Chicago, Ill., of counsel, for appellant.

John P. Tiz, Chicago, Ill., for appellee.

Before MAJOR, FINNEGAN and PARKINSON, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, and the Safety Appliance Act, 45 U.S.C.A. § 1, for the recovery of damages resulting from personal injuries sustained when he was thrown against the wall of the caboose when defendant's train, of which he was conductor, made a stop in the South Chicago yards. The case was tried to a jury, which returned a verdict in favor of plaintiff for $7,000. This appeal is from the judgment entered thereon.

The record, viewed in the light most favorable to plaintiff, insofar as material to the instant appeal reveals the following factual situation. Plaintiff had been employed by defendant for 27 years and was at the time of his injury working as a conductor on a run between defendant's South Chicago yard and the Illinois-Indiana State line. On the date of the injury, February 14, 1955, plaintiff was engaged in his work as conductor on the above run. On this date a train of 106 cars was coupled up; the car inspector went toward the head and plaintiff toward the rear of the train to inspect the brakes. Plaintiff found the air "weak" on the rear of the train but could not report this finding to the engineer because the train was on a curve. The train started while the air gauge in the caboose showed little pressure. The engineer noticed that the train "pulled hard" but thought he could make his run.

After the engine and forward end of the train had crossed the Calumet River bridge, the engineer made a stop "of his own accord." When this stop was made, it caused plaintiff to fall against some lockers and then to the floor of the caboose in which he was riding. This fall resulted in the injuries complained of. The stop was described as "terrific" and shook the bridge. The engineer and a switchman both testified that in their opinion the stop was caused by a leaky train line.

Defendant contends (1) the evidence was insufficient to take the issue of negligence to the jury; (2) it was error to submit to the jury the issue of a violation of the power brake provision of the Safety Appliance Act and the instructions predicated thereon, and (3) the court committed prejudicial error in its instruction relative to the measure of damages. Defendant's contention (2), if accepted, would require a reversal. On the other hand, a rejection is decisive and requires an affirmance.

We do not understand defendant to contend that the instructions do not properly state the law relative to the Safety Appliance Act but that they should not have been given because the Act is without application to the situation as proven. It is hardly open to question but that the proof, considered in the light most favorable to plaintiff, shows that the sudden stopping of the train was caused by a leaky train line, or, in other words, that the power brakes were not in an efficient operable condition because of low air pressure. Defendant's argument reduced to its simplest form is that while the Safety Ap-

pliance Act requires power brake equipment, it prescribes no standard for its use and, further, that the Interstate Commerce Commission has prescribed no standard in the absence of statutory authority. We think defendant's contention must be rejected, based upon authority as well as upon reason and logic. Certainly the statutory obligation imposed upon carriers to provide certain equipment for the safety of their employees in the operation of trains carried with it the obligation to maintain such equipment in proper operable condition. To hold that the carrier was under duty in the former respect but under no duty in the latter would hardly make sense.

Any doubt in the matter, however, appears to have been definitely resolved by the Supreme Court, adversely to defendant's contention. In Coray v. Southern Pacific Co., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208, the court held the carrier liable under the Safety Appliance Act because of a defect in its brake system by reason of which air escaped, which rendered the brakes inefficient. The court, referring to the Act, stated (335 U.S. at page 522, 69 S.Ct. at page 276), "It commands railroads not to run trains with defective brakes." And again, on the following page, the court stated, "In this case where undisputed evidence established that the train suddenly stopped because of defective air-brake appliances, petitioner was entitled to recover if this defective equipment was the sole or a contributory proximate cause of the decedent employee's death."

 Defendant attempts to distinguish the Coray case on the ground that there was proof of the defect which caused the brakes to become ineffective because of air leakage, while in the instant case there is no proof of any specific defect. We think the distinction is of no aid to defendant. In that case, as here, there was proof that the brakes were inefficient because of air leakage and that the trains were operated with the brakes in that condition. The application of the Safety Appliance Act does not, in our judgment, depend upon proof of the cause of the defective condition of the equipment. The obligation imposed upon the carrier is absolute, not conditional.

 Holding as we do that the Safety Appliance Act is applicable, we think there is no occasion to discuss any issue of negligence on the part of defendant or contributory negligence on the part of plaintiff. Proof of a violation of the Safety Appliance Act and that it was the sole or contributory proximate cause of plaintiff's injuries was sufficient to entitle him to recover. Coray v. Southern Pacific Co., 335 U.S. 520, 523, 69 S.Ct. 275, 93 L.Ed. 208; Carter v. Atlanta & St. Andrews Bay Railway Co., 338 U.S. 430, 435, 70 S.Ct. 226, 94 L. Ed. 236.

 Defendant contends that the court committed prejudicial error in giving an instruction which permitted the jury to take into consideration pain and suffering, as well as loss of earnings and damages which plaintiff might sustain in the future. It is argued there was no basis in the proof for such an instruction. Plaintiff testified that he could raise his left arm only half-way and had pain through the shoulder and underneath the arm. Dr. Grossman testified that there was a permanent limitation of motion of the left arm. We think this evidence sufficient to justify the giving of the instruction. In any event, the amount of the verdict strongly indicates that the instruction, even if erroneous, had no prejudicial effect.

The judgment appealed from is

Affirmed.