John Fred AMEND, Plaintiff,

v.

The GREAT WESTERN RAILWAY COMPANY, a Colorado Corporation, Defendant.

Civ. 5310.

United States District Court
D. Colorado.

Jan. 23, 1958.

Samuel M. Kirbens, Denver, Colo., for plaintiff.

Sheldon & Nordmark, Denver, Colo., and Charles W. Sheldon, Jr., Denver, Colo., for defendant.

**500**

ARRAJ, District Judge.

This matter comes up on the Motion of Plaintiff to strike certain defenses from defendant's Answer to the Amended Complaint.

Plaintiff's Amended Complaint is based on the Federal Safety Appliances Act and the Federal Employer's Liability Act, 45 U.S.C.A. § 1 et seq. The first count alleges that plaintiff was head brakeman on a switching crew and suffered injuries which proximately occurred as a result of the violation by the defendant of its statutory duty as imposed by the Automatic Couplers Section of the Federal Safety Appliances Act; there is no averment of negligence in this count. The second count avers the negligence of defendant, officers, agents, or employees and alleges that the said negligence proximately caused the injury of the plaintiff.

The defenses which plaintiff seeks to have stricken are made to the Amended Complaint generally, (rather than specifically to either count) and are:

1. Unavoidable Accident.
2. Contributory Negligence.
3. Assumption of Risk.

The Court had previously ruled that the defense of unavoidable accident was not applicable and therefore it was stricken; however, defendant requested that the Court reconsider that ruling along with its consideration of the Motion to Strike the other defenses; the Court consented to do this.

### Unavoidable Accident

■ The defense of unavoidable accident can have no applicability whatsoever to the first count of the Amended Complaint because the only questions involved in the first count are:

1. Was there a violation of the Safety Appliances Act? And

2. Was said violation a proximate cause of plaintiff's injuries?

■ As to the second count of the Amended Complaint, the Court cannot at this time envision any circumstances which might have existed at the time of the accident, or any facts that might be developed in this case wherein it would be proper to submit the defense of unavoidable accident to the jury. However, past experience has convinced the Court that counsel's resourcefulness and ingenuity may bring to light some facts or circumstances which would justify the submission of that defense to the jury. Therefore, the defense will be reinstated as to the second count, without prejudice to the right of the plaintiff to renew its Motion to Strike at the conclusion of the evidence.

### Contributory Negligence
Title 45 U.S.C.A. § 53 provides:

"Contributory negligence: diminution of damages—In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee. Apr. 22, 1908, c. 149, § 3, 35 Stat. 66."

■ The latter part of the above statute deals with the Safety Appliances Act and appears to have entirely eliminated contributory negligence as a defense to an action brought under the Safety Appliances Act. In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, at page 506, 77 S.Ct. 443, at page 448, 1 L.Ed. 2d 493, Justice Brennan said:

"Under this statute the test of a jury case is simply whether the

proof justifies with reason the conclusion that employer's negligence played any part even the slightest, in producing the injury or death for which damages are sought. It does not matter, from the evidence, the jury may also with reason on grounds of probability attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proof to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.[13] Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence.[14].

■ The second count being based on negligence—"Contributory Negligence" is a proper defense to the count.

### Assumption of Risk

The pertinent statute concerning this defense as the same is applicable to the first count of the Complaint is as follows:

45 U.S.C.A. § 2

"Automatic couplers—It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars. Mar. 2, 1893, c. 196, § 2, 27 Stat. 531."

45 U.S.C.A. § 7

"Assumption of risk by employees—Any employee of any common carrier engaged in interstate commerce by railroad who may be injured by any locomotive, car, or train in use contrary to the provision of sections 1–7 of this title shall not be deemed thereby to have assumed the risk thereby occasioned, although continuing in the employment of such carrier after the unlawful use of such locomotive, car, or train had been brought to his knowledge. Mar. 2, 1893, c. 196, § 8, 27 Stat. 532."

■ The first count being based on the theory of absolute liability as a result of a violation of the Safety Appliances Act, it therefore appears that by legislative enactment the defense of assumption of risk is not available as a defense to the first count.

The second count is based upon negligence under Title 45 U.S.C.A. § 51.

Title 45 U.S.C.A. § 54 provides as follows:

"Assumption of risks of employment—In any action brought against

---

**13.** Proof of violation of certain safety-appliances statutes without more proves negligence and also eliminates contributory negligence as a consideration for any purpose. Note 11, supra. The only issue then remaining is causation: Carter v. Atlanta & St. A. B. R. Co., 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236; Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615.

Moreover, "(w)hat constitutes negligence for the statute's purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws for other purposes. Federal decisional law formulating and applying the concept governs." Urie v. Thompson, 337 U.S. 163, 174, 69 S.Ct. 1018, 1027, 93 L.Ed. 1282.

**14.** "* * * (E)very common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury * * * or * * * death * * * resulting *in whole or in part* from the negligence of any of the officers, agents or employees of such carrier * * *." (Emphasis added.) 35 Stat. 65, 45 U.S.C.A. § 51; Coray v. Southern Pacific Co., 335 U.S. 520, 523–524, 69 S.Ct. 275, 93 L.Ed. 208.

any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee. Apr. 22, 1908, c. 149, § 4, 35 Stat. 66; Aug. 11, 1939, c. 685, § 1, 53 Stat. 1404."

The above Section has received an interpretation by the Supreme Court in Tiller v. Atlantic Coast Lines R. Co., 1942, 318 U.S. 54, at page 58, 63 S.Ct. 444, at page 446, 87 L.Ed. 610 wherein the Court through Mr. Justice Black said:

"Every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence'. As this Court said in facing the hazy margin between negligence and assumption of risk as involved in the Safety Appliances Act of 1893, 45 U.S.C.A. § 1 et seq., 'Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name;' and no such result can be permitted here".

■■ The defense of assumption of risk not being available as against either count of the Complaint, it should, therefore, be stricken from the Answer.

Accordingly, plaintiff's Motion to Strike defendant's third defense (Un-avoidable Accident) shall be and the same hereby is granted as to the first count of the Amended Complaint and denied as to the second count of the Amended Complaint. The Motion to Strike the fifth defense (Contributory Negligence) shall be and the same hereby is granted as to the first count of the Amended Complaint and denied as to the second count of said Complaint. The Motion to Strike the sixth defense (Assumption of Risk) shall be and the same hereby is granted as to both counts of the amended complaint.