**Francis A. BEIMERT, Plaintiff-Appellant,**

v.

**BURLINGTON NORTHERN, INC., a corporation, Defendant-Appellee.**

No. 83–1010.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1983.

Decided Feb. 2, 1984.

Rehearing En Banc Denied March 7, 1984.

Certiorari Denied May 29, 1984.
See 104 S.Ct. 2659.

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Ar-

kansas, sitting by designation.

Steven D. Meier, St. Paul, Minn., for defendant-appellee.

Randolph E. Schum, East Alton, Ill., for plaintiff-appellant.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BROWN *, Senior Circuit Judge.

PER CURIAM.

Plaintiff, Francis A. Beimert, appeals from a judgment entered on a jury verdict in favor of the defendant, Burlington Northern, Inc. Beimert brought this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, and the Safety Appliance Act, 45 U.S.C. §§ 1–16, seeking to recover for injuries he received while attempting to repair a handhold on a rail-

---

* The Honorable Bailey Brown, Senior Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

road car in the course of his employment with the defendant railroad. On appeal, Beimert argues that the district court erred in the admission of evidence, in its instructions to the jury, in failing to fairly apprise plaintiff, contrary to the requirements of Rule 51, Fed.R.Civ.P., as to the charge it would give to the jury, and in allowing defense counsel to make an improper opening statement and to make an improper argument to the jury.

On April 30, 1981, Beimert, while employed as a carman by the defendant, was inspecting railroad cars at Burlington Northern's railroad yard in Northtown, Minnesota. Beimert noticed that a handhold on a hopper car had been crushed against the side of the car. Using a "yard bar" that he carried to make minor repairs on the cars he inspected, Beimert attempted to straighten the handhold. He inserted the bar from the top and pulled downward. The bar slipped and struck Beimert on the forehead causing the injury for which he sued.

▮ Beimert's complaint initially contained two counts. The first count was a negligence count under the FELA, 45 U.S.C. §§ 51–60. More particularly, he charged that the defendant was guilty of negligence in failing to provide him with a safe place and methods to work, in failing to furnish him with suitable tools, and in failing to furnish sufficient manpower to perform the task. In the second count, again relying on the FELA,[1] Beimert alleged only a violation of Section 4 of the Safety Appliance Act, 45 U.S.C. § 4, which makes it unlawful to use a car that is not provided with secure handholds.[2] Just prior to trial, however, Beimert obtained a dismissal of the first count, the negligence count, and relied only on the alleged violation of the Safety Appliance Act.[3]

▮ At the one day trial, Beimert objected to defendant's opening statement and later to its argument to the jury to the effect that the sole cause of the accident was Beimert's negligence. Beimert also objected to the admission of evidence to support the defendant's contention. The district court properly overruled these objections. If the plaintiff's negligence was the *sole* cause, then the violation of the Safety Appliance Act could not have contributed in whole or in part to the injury. *Miller v. Gulf, M. & O.R.R.*, 386 S.W.2d 97, 101 (Mo. 1964); *Johnson v. Chicago Great Western Ry.*, 242 Minn. 130, 136, 64 N.W.2d 372, 377 (1954).

▮ We are also satisfied that the district court committed no reversible error under Rule 51, Fed.R.Civ.P., in apprising Beimert as to its intended instructions to the jury. Further, the court was not required, as Beimert contends it was required, to supply him with a copy of its intended instructions.

▮ Beimert also contends that the district court's instructions to the jury, including the additional instructions given at the request of the jury, created the impression that, to support liability for violation of the Safety Appliance Act, it was necessary to show that the violation was the sole cause or at least a "proximate" cause of the accident. It is, of course, sufficient, to make a case of liability for violation of the Safety Appliance Act, only to show that the violation is a causative factor contributing in

---

1. The FELA "embraces claims of an employee based on violations of the Safety Appliance Act." *Crane v. Cedar Rapids & I.C. Ry.*, 395 U.S. 164, 166, 89 S.Ct. 1706, 1708, 23 L.Ed.2d 176 (1969).

2. Section 4 provides: "It shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars."

3. Beimert's stated purpose for withdrawing the negligence count under the FELA was to keep the issue of contributory negligence from the jury. For a negligence claim under the FELA, contributory negligence is not a bar but may reduce the damages. The FELA provides, however, that contributory negligence may not reduce damages when the claim is founded on a violation of the Safety Appliance Act. 45 U.S.C. § 53. *See Carter v. Atlanta & St. A.B. Ry.*, 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236 (1949).

whole or in part to the accident.[4] The defendant contends, on the other hand, that the charge, taken as a whole, is to the effect that it is sufficient, to make a case of liability, to show that the violation of the Act contributed in whole or in part to the accident.

This case was tried on the theory that if defendant's violation of the Safety Appliance Act contributed in whole or in part to the accident and injury, defendant was liable to Beimert. The defendant railroad's defense at trial was that Beimert's alleged negligence was the sole cause of the accident and injury. As before stated, these trial theories are in accordance with applicable law. We agree that the trial court's instructions on the law with respect to these issues were not as clear as they might have been. Nevertheless, in view of the trial theories of the parties and the evidence submitted, we conclude that the instructions adequately informed the jury as to the applicable law and do not constitute reversible error.[5]

Finding no reversible error in the record, the judgment of the district court is Affirmed.

---

4. The standard of causation is variously expressed. The employer is liable if the injury results "in whole or in part" from defendant's violation, *Carter v. Atlanta & St. A.B. Ry.*, 338 U.S. 430, 435, 70 S.Ct. 226, 229–230, 94 L.Ed. 236 (1949) or if the violation is "a contributory proximate cause" of injury, *Coray v. Southern Pac. Ry.*, 335 U.S. 520, 523, 69 S.Ct. 275, 276–277, 93 L.Ed. 208 (1949), or if the defect is "a proximate cause of the accident." *Minneapolis, St. P. & Sault Ste. M. Ry. v. Goneau*, 269 U.S. 406, 410, 46 S.Ct. 129, 131, 70 L.Ed. 335 (1926). In *Rogers v. Missouri Pac. Ry.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957) the Court warned against the use of the language of proximate causation for claims based on the FELA.

5. We note that the defendant railroad contends that the judgment below should be affirmed on the basis that the district court should have granted its motion for a directed verdict. In this connection, defendant contends that there can be no liability for violation of the Safety Appliance Act where, as here, the employee is injured while performing his duty of repairing the defect that constituted the violation of the Act, and an alleged "cause" of the accident is the very existence of such defect. In view of our disposition of this case, we need not decide whether there is such a narrow exception to liability for violation of the Act. *Cf. Minneapolis St. P. & Sault Ste. M. Ry. v. Goneau*, 269 U.S. 406, 46 S.Ct. 129, 70 L.Ed. 335 (1926); *Illinois Trust Co. v. Missouri Pac. R.R.*, 319 Mo. 608, 5 S.W.2d 368, *cert. denied*, 278 U.S. 623, 49 S.Ct. 25, 73 L.Ed. 544 (1928); *Martin v. St. Louis-San Francisco Ry.*, 323 Mo. 450, 19 S.W.2d 470 (1929); *Rittenhouse v. St. Louis-San Francisco Ry.*, 299 Mo. 199, 252 S.W. 945 (1923); *Smiley v. St. Louis-San Francisco Ry. Co.*, 359 Mo. 474, 222 S.W.2d 481 (1949).