Justice Ginsbueg
delivered the opinion of the Court, except as to Part III-A.†
This case concerns the standard of causation applicable in cases arising under the Federal Employers' Liability Act (FELA or Act), 45 U. S. C. § 51 et seq. FELA renders railroads liable for employees’ injuries or deaths “resulting in whole or in part from [carrier] negligence.” § 51. In accord with the text and purpose of the Act, this Court’s decision in Rogers v. Missouri Pacific R. Co., 352 U. S. 500 (1957), and the uniform view of federal appellate courts, we conclude that the Act does not incorporate “proximate cause” standards developed in nonstatutory common-law tort actions. The charge proper in FELA cases, we hold, simply tracks the language Congress employed, informing juries that a defendant railroad caused or contributed to a plaintiff employee’s injury if the railroad’s negligence played any part in bringing about the injury.
*689 Respondent Robert McBride worked as a locomotive engineer for petitioner CSX Transportation, Inc., which operates an interstate system of railroads. On April 12, 2004, CSX assigned McBride to assist oh a local run between Evansville, Indiana, and Mount Vernon, Illinois. The run involved frequent starts and stops to add and remove individual rail cars, a process known as “switching.” The train McBride was to operate had an unusual engine configuration: two “wide-body” engines followed by three smaller conventional cabs. McBride protested that the configuration was unsafe, because switching with heavy, wide-body engines required constant use of a hand-operated independent brake. But he was told to take the train as is. About ten hours into the run, McBride injured his hand while using the independent brake. Despite two surgeries and extensive physical therapy, he never regained full use of the hand.
Seeking compensation for his injury, McBride commenced a FELA action against CSX in the U. S. District Court for the Southern District of Illinois. He alleged that CSX was twice negligent: First, the railroad required him to use equipment unsafe for switching; second, CSX failed to train him to operate that equipment. App. 24a-26a. A verdict for McBride would be in order, the District Court instructed, if the jury found that CSX “was negligent” and that the “negligence caused or contributed to” McBride’s injury. Id., at 23a.
CSX sought additional charges that the court declined to give. One of the rejected instructions would have required “the plaintiff [to] show that . . . the defendant’s negligence was a proximate cause of the injury.” Id., at 34a. Another would have defined “proximate cause” to mean “any cause which, in natural or probable sequence, produced the injury complained of,” with the qualification that a proximate cause “need not be the only cause, nor the last or nearest cause.” Id., at 32a.
*690 ■ Instead, the District Court employed, as McBride requested, the Seventh Circuit’s pattern instruction for FELA cases, which reads:
“Defendant ‘caused or contributed to’ Plaintiff’s injury if Defendant’s negligence played a part — no matter how small — in bringing about the injury. The mere fact that an injury occurred does not necessarily mean that the injury was caused by negligence.” Id., at 31a.
For this instruction, the Seventh Circuit relied upon this Court’s decision in Rogers v. Missouri Pacific R. Co., 352 U. S. 500 (1957). The jury returned a verdict for McBride, setting total damages at $275,000, but reducing that amount by one-third, the percentage the jury attributed to plaintiff’s negligence. App. 29a.
CSX appealed to the Seventh Circuit, renewing its objection to the failure to instruct on “proximate cause.” Before the appellate court, CSX “maintain[ed] that the correct definition of proximate causation is a ‘direct relation between the injury asserted and the injurious conduct alleged.’ ” 598 F. 3d 388, 393, n. 3 (2010) (quoting Holmes v. Securities Investor Protection Corporation, 503 U. S. 258, 268 (1992)). A properly instructed jury, CSX contended, might have found that the chain of causation was too indirect, or that the engine configuration was unsafe because of its propensity to cause crashes during switching, not because of any risk to an engineer’s hands. Brief for Defendant-Appellant in No. 08-3557 (CA7), pp. 49-52.
The Court of Appeals approved the District Court’s instruction and affirmed the judgment entered on the jury’s verdict. Rogers had “relaxed the proximate cause requirement” in FELA cases, the Seventh Circuit concluded, a view of Rogers “echoed by every other court of appeals.” 598 F. 3d, at 399. While acknowledging that a handful of state courts “still applied] traditional formulations of proximate cause in FELA cases,” id., at 404, n. 7, the Seventh Circuit *691 said it could hardly declare erroneous an instruction that “simply paraphrased] the Supreme Court's own words in Rogers,” id., at 406.
We granted certiorari to decide whether the causation instruction endorsed by the Seventh Circuit is proper in FELA cases. 562 U. S. 1060 (2010). That instruction does not include the term “proximate cause,” but does tell the jury defendant’s negligence must “pla[y] a part — no matter how small — in bringing about the [plaintiff’s] injury.” App. 31a.
II
A
The railroad business was exceptionally hazardous at the dawn of the 20th eentury. As we have recounted, “the physical dangers of railroading ... resulted in the death or maiming of thousands of workers every year,” Consolidated Rail Corporation v. Gottshall, 512 U. S. 532, 542 (1994), including 281,645 casualties in the year 1908 alone, S. Rep. No. 432, 61st Cong., 2d Sess., 2 (1910). Enacted that same year in an effort to “shif[t] part of the human overhead of doing business from employees to their employers,” Gottshall, 512 U. S., at 542 (internal quotation marks omitted), FELA prescribes:
“Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier ....” 45 U. S. C. § 51 (emphasis added).
Liability under FELA is limited in these key respects: Railroads are hable only to their employees, and only for injuries sustained in the course of employment. FELA’s language on causation, however, “is as broad as could be framed.” Urie v. Thompson, 337 U. S. 163, 181 (1949). Given the breadth of the phrase “resulting in whole or in *692 part from the [railroad’s] negligence,” and Congress’ “humanitarian” and “remedial goal[s],” we have recognized that, in comparison to tort litigation at common law, “a relaxed standard of causation applies under FELA.” Gottshall, 512 U. S., at 542-543. In our 1957 decision in Rogers, we described that relaxed standard as follows:
“Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.” 352 U. S., at 506.
As the Seventh Circuit emphasized, the instruction the District Court gave in this case, permitting a verdict for McBride if “[railroad] negligence played a part — no matter how small — in bringing about the injury,” App. 31a, tracked the language of Rogers. If Rogers prescribes the definition of causation applicable under FELA, that instruction was plainly proper. See Patterson v. McLean Credit Union, 49.1 U. S. 164, 172 (1989) (“Considerations of stare decisis have special force in the area of statutory interpretation . . . .”). While CSX does not ask us to disturb Rogers, the railroad contends that lower courts have overread that opinion. In CSX’s view, shared by the dissent, post, at 713-714, Rogers was a narrowly focused decision that did not touch, concern, much less displace common-law formulations of “proximate cause.”
Understanding this argument requires some background. The term “proximate cause” is shorthand for a concept: Injuries have countless causes, and not all should give rise to legal liability. See W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 42, p. 273 (5th ed. 1984) (hereinafter Prosser and Keeton). “What we . . . mean by the word ‘proximate,’” one noted jurist has explained, is simply this: “[B]ecause of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point.” Palsgraf *693 v. Long Island R. Co., 248 N. Y. 339, 352, 162 N. E. 99, 103 (1928) (Andrews, J., dissenting). Common-law “proximate cause” formulations varied, and were often both constricted and difficult to comprehend. See T. Cooley, Law of Torts 73-77, 812-813 (2d ed. 1888) (describing, for example, prescriptions precluding recovery in the event of any “intervening” cause or any contributory negligence). Some courts cut off liability if a “proximate cause” was not the sole proximate cause. Prosser and Keeton §65, p. 452 (noting “tendency ... to look for some single, principal, dominant, ‘proximate’ cause of every injury”). Many used definitions resembling those CSX proposed to the District Court or urged in the Court of Appeals. See supra, at 689-690 (CSX proposed key words “natural or probable” or “direct” to describe required relationship between injury and alleged negligent conduct); Prosser and Keeton § 43, pp. 282-283.
Drawing largely on Justice Souter’s concurring opinion in Norfolk Southern R. Co. v. Sorrell, 549 U. S. 158,173 (2007), CSX contends that the Rogers “any part” test displaced only common-law restrictions on recovery for injuries involving contributory negligence or other “multiple causes.” Brief for Petitioner 35 (internal quotation marks omitted).[1] Rogers “did not address the requisite directness of a cause,” CSX argues, hence that question continues to be governed by restrictive common-law formulations. Brief for Petitioner 35.
B
To evaluate CSX’s argument, we turn first to the facts of Rogers. The employee in that case was injured while burning off weeds and vegetation that lined the defendant’s railroad tracks. A passing train had fanned the flames, which spread from the vegetation to the top of a culvert where the employee was standing. Attempting to escape, the em *694 ployee slipped and fell on the sloping gravel covering the culvert, sustaining serious injuries. 352 U. S., at 501-503. A Missouri state-court jury returned a verdict for the employee, but the Missouri Supreme Court reversed. Even if the railroad had been negligent in failing to maintain a flat surface, the court reasoned, the employee was at fault because of his lack of attention to the spreading fire. Rogers v. Thompson, 284 S. W. 2d 467, 472 (1955). As the fire “was something extraordinary, unrelated to, and disconnected from the incline of the gravel,” the court felt “obliged to say [that] plaintiff's injury was not the natural and probable consequence of any negligence of defendant.” Ibid.
We held that the jury's verdict should not have been upset. Describing two potential readings of the Missouri Supreme Court’s opinion, we condemned both. First, the court erred in concluding that the employee’s negligence was the “sole” cause of the injury, for the jury reasonably found that railroad negligence played a part. Rogers, 352 U. S., at 504-505. Second, the court erred insofar as it held that the railroad’s negligence was not a sufficient cause unless it was the more “probable” cause of the injury. Id., at 505. FELA, we affirmed, did not incorporate any traditional common-law formulation of “proximate causation[,] which [requires] the jury [to] find that the defendant’s negligence was the sole, efficient, producing cause of injury.” Id., at 506. Whether the railroad’s negligent act was the “immediate reason” for the fall, we added, was “an irrelevant consideration.” Id., at 503. We then announced the “any part” test, id., at 506, and reiterated it several times. See, e. g., id., at 507 (“narro[w]” and “single inquiry” is whether “negligence of the employer played any part at all” in bringing about the injury); id., at 508 (FELA case “rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury”).[2]
*695 Rogers is most sensibly read as a comprehensive statement of the FELA causation standard. Notably, the Missouri Supreme Court in Rogers did not doubt that a FELA injury might have multiple causes, including railroad negligence and employee negligence. See 284 S. W. 2d, at 472 (reciting FELA’s “in whole or in part” language). But the railroad’s part, according to the state court, was too indirect, not sufficiently “natural and probable,” to establish the requisite causation. Ibid. That is the very reasoning the Court rejected in Rogers. It is also the reasoning CSX asks us to resurrect.
Our understanding is informed by the statutory history and precedent on which Rogers drew. Before FELA was enacted, the “harsh and technical” rules of state common law had “made recovery difficult or even impossible” for injured railroad workers. Trainmen v. Virginia ex rel. Virginia State Bar, 377 U. S. 1,3 (1964). “[Dissatisfied with the [railroad’s] common-law duty,” Congress sought to “supplan[t] that duty with [FELA's] far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer’s negligence.” Rogers, 352 U. S., at 507. Yet, Rogers observed, the Missouri court and other lower courts continued to ignore FELA’s “significan[t]” departures from the “ordinary common-law negligence” scheme, to reinsert common-law formulations of causation involving “probabilities,” and consequently to “deprive litigants of their right to a jury determination.” Id., at 507, 509-510. Aiming to end lower court disregard of congressional purpose, the Rogers Court repeatedly called the “any part” test the “single” inquiry determining causation in FELA cases. Id., at 507, 508 (emphasis added). In short, CSX’s argument that the *696 Rogers standard concerns only division of responsibility among multiple actors, and not causation more generally, misses the thrust of our decision in that case.
Tellingly, in announcing the “any part... in producing the injury” test, Rogers cited Coray v. Southern Pacific Co., 335 U. S. 520 (1949), a decision emphasizing that FELA had parted from traditional common-law formulations of causation. What qualified as a “proximate” or legally sufficient cause in FELA cases, Coray had explained, was determined by the statutory phrase “resulting in whole or in part,” which Congress “selected ... to fix liability” in language that was “simple and direct.” Id., at 524. That straightforward phrase, Coray observed, was incompatible with “dialectical subtleties” that common-law courts employed to determine whether a particular cause was sufficiently “substantial” to constitute a proximate cause. Id., at 523-524.[3]
Our subsequent decisions have confirmed that Rogers announced a general standard for causation in FELA cases, not one addressed exclusively to injuries involving multiple potentially cognizable causes. The very day Rogers was announeed, we applied its “any part” instruction in a case in which the sole causation issue was the directness or foreseeability of the connection between the carrier’s negligence and the plaintiff’s injury. See Ferguson v. Moore-McCormack Lines, Inc., 352 U. S. 521, 523-524 (1957) (plurality opinion).
*697 A few years later, in Gallick v. Baltimore & Ohio R. Co., 372 U. S. 108 (1963), we held jury findings for the plaintiff proper in a case presenting the following facts: For years, the railroad had allowed a fetid pool, containing “dead and decayed rats and pigeons,” to accumulate near its right-of-way; while standing near the pool, the plaintiff-employee suffered an insect bite that became infected and required amputation of his legs. Id., at 109. The appellate court had concluded there was insufficient evidence of causation to warrant submission of the ease to the jury. Id., at 112. We reversed, reciting the causation standard Rogers announced. 372 U. S., at 116-117, 120-121. See also Crane v. Cedar Rapids & Iowa City R. Co., 395 U. S. 164, 166-167 (1969) (contrasting suit by railroad employee, who “is not required to prove common-law proximate causation but only that his injury resulted fin whole or in part’ from the railroad’s violation,” with suit by nonemployee, where “definition of causation . . . [is] left to state law”); Gottshall, 512 U. S., at 543 (“relaxed standard of causation applies under FELA”).[4]
*698 In reliance on Rogers, every Court of Appeals that reviews judgments in FELA cases has approved jury instructions on causation identical or substantively equivalent to the Seventh Circuit’s instruction.[5] Each appellate court has rejected common-law formulations of proximate cause of the kind CSX requested in this case. See supra, at 689-690. The current model federal instruction, recognizing that the “FELA causation standard is distinct from the usual proximate cause standard,” reads:
“The fourth element [of a FELA action] is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?” 5 L. Sand et al., Modern Federal Jury Instructions-Civil ¶ 89.02, pp. 89-38, 89-40, and comment (2010) (hereinafter Sand).
Since shortly after Rogers was decided, charges of this order have been accepted as the federal model. See W. Mathes & E. Devitt, Federal Jury Practice and Instructions §84.12, p. 517 (1965) (under FELA, injury “is proximately caused by” the defendant’s negligence if the negligence “played any part, no matter how small, in bringing about or actually *699 causing the injury”).[6] The overwhelming majority of state courts'[7] and scholars[8] similarly comprehend FELA’s causation standard.
In sum, the understanding of Rogers we here affirm “has been accepted as settled law for several decades.” IBP, Inc. v. Alvarez, 546 U. S. 21, 32 (2005). “Congress has had [more than 50] years in which it could have corrected our decision in [Rogers] if it disagreed with it, and has not chosen to do so.” Hilton v. South Carolina Public Railways Comm’n, 502 U. S. 197, 202 (1991). Countless judges have instructed countless juries in language drawn from Rogers. To discard or restrict the Rogers instruction now would ill serve the goals of “stability” and “predictability” that the doctrine of statutory stare decisis aims to ensure. 502 U. S., at 202.
III
CSX nonetheless insists that proximate causation, as captured in the charge and definitions CSX requested, is a concept fundamental to actions sounding in negligence. The Rogers “any part” instruction opens the door to unlimited liability, CSX worries, inviting juries to impose liability on the basis of “but for” causation. The dissent shares these fears. Post, at 710-711, 719-720. But a half century’s ex- *700 perienee with Rogers gives us little cause for concern: CSX’s briefs did not identify even one trial in which the instruction generated an absurd or untoward award.[9] Nor has the dissent managed to uncover such a case. Post, at 717-718 (citing no actual case but conjuring up images of falling pianos and spilled coffee).
While some courts have said that Rogers eliminated the concept of proximate cause in FELA cases,[10] we think it “more accurate ... to recognize that Rogers describes the test for proximate causation applicable in FELA suits.” Sorrell, 549 U. S., at 178 (Ginsburg, J., concurring in judgment). That understanding was expressed by the drafters of the 1965 federal model instructions, see supra, at 698-699: Under FELA, injury “is proximately caused” by the railroad’s negligence if that negligence “played any part . . . in .. . causing the injury.” Avoiding “dialectical subtleties” that confound attempts to convey intelligibly to juries just what “proximate cause” means, see Coray, 385 U. S., at 524, the Rogers instruction uses the everyday words contained in the statute itself. Jurors can comprehend those words and apply them in light of their experience and common sense. Unless and until Congress orders otherwise, we see no good reason to tamper with an instruction tied to FELA’s text, *701 long employed by lower courts, and hardly shown to be unfair or unworkable,
A
As we have noted, see supra, at 692-693, the phrase “proximate cause” is shorthand for the policy-based judgment that not all factual causes contributing to an injury should be legally cognizable causes. Prosser and Keeton explain: “In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the dawn of human events, and beyond.” §41, p. 264. To prevent “infinite liability,” ibid., courts and legislatures appropriately place limits on the chain of causation that may support recovery on any particular claim.
The term “proximate cause” itself is hardly essential to the imposition of such limits. It is a term notoriously confusing. See, e. g., id., §42, p. 273 (“The word ‘proximate’ is a legacy of Lord Chancellor Bacon, who in his time committed other sins. ... It is an unfortunate word, which places an entirely wrong emphasis upon the factor of physical or mechanical closeness. For this reason ‘legal cause’ or perhaps even ‘responsible cause’ would be a more appropriate term.” (footnotes omitted)).
And the lack of consensus on any one definition of “proximate cause” is manifest. Id., § 41, p. 263. Common-law formulations include, inter alia, the “immediate” or “nearest” antecedent test; the “efficient, producing cause” test; the “substantial factor” test; and the “probable,” or “natural and probable,” or “foreseeable” consequence test. Smith, Legal Cause in Actions of Tort, 25 Harv. L. Rev. 103, 106-121 (1911); Smith, Legal Cause in Actions of Tort (Concluded), 25 Harv. L. Rev. 303, 311 (1912).
Notably, CSX itself did not settle on a uniform definition of the term “proximate cause” in this litigation, nor does the dissent. In the District Court, CSX requested a jury instruction defining “proximate cause” to mean “any cause which, in natural or probable sequence, produced the injury *702 complained of.” App. 32a. On appeal, “CSX maintain[ed] that the correct definition ... is a ‘direct relation between the injury asserted and the injurious conduct alleged/ ” 598 F. 3d, at 393, n. 3. Before this Court, CSX called for “a demonstration that the plaintiff’s injury resulted from the wrongful conduct in a way that was natural, probable, and foreseeable.” Tr. of Oral Arg. 9-10.
Lay triers, studies show, are scarcely aided by charges so phrased. See Steele 6; Thornburg, Jury Instructions: A Persistent Failure To Communicate, 67 N. C. L. Rev. 77, 88-92, 110 (1988) (85% of actual and potential jurors were unable to understand a pattern proximate-cause instruction similar to the one requested by CSX); Charrow & Charrow, Making Legal Language Understandable: A Psycholinguistic Study of Jury Instructions, 79 Colum. L. Rev. 1306, 1353 (1979) (nearly one-quarter of subjects misunderstood proximate cause to mean “approximate cause” or “estimated cause”). In light of the potential of “proximate cause” instructions to leave jurors at sea, it is not surprising that the drafters of the Restatement (Third) of Torts avoided the term altogether. See 1 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 29 (2005) (confining liability to “harms that result from the risks that made the actor’s conduct tortious”); id., Comment b.
Congress, it is true, has written the words “proximate cause” into a number of statutes.[11] But when the legislative text uses less legalistic language, e. g., “caused by,” “occasioned by,” “in consequence of,” or, as in FELA, “resulting in whole or in part from,” and the legislative purpose is to loosen constraints on recovery, there is little reason for *703 courts to hark back to stock, judge-made proximate-cause formulations. See Smith, Legal Cause in Actions of Tort (Continued), 25 Harv. L. Rev. 223, 235 (1912).
B
FELA’s language is straightforward: Railroads are made answerable in damages for an employee’s “injury or death resulting in whole or in part from [carrier] negligence.” 45 U. S. C. § 51. The argument for importing into FELA’s text “previous judicial definitions or dicta” originating in non-statutory common-law actions, see Smith, Legal Cause in Actions of Tort (Continued), supra, at 235, misapprehends how foreseeability figures in FELA cases.
“[Reasonable foreseeability of harm,” we clarified in Gallick, is indeed “an essential ingredient of [FELA] negligence” 372 U. S., at 117 (emphasis added). The jury, therefore, must be asked, initially: Did the carrier “fai[l] to observe that degree of care which people of ordinary prudence and sagacity would use under the same or similar circumstances[?]” Id., at 118. In that regard, the jury may be told that “[the railroad’s] duties are measured by what is reasonably foreseeable under like circumstances.” Ibid. (internal quotation marks omitted). Thus, “[i]f a person has no reasonable ground to anticipate that a particular condition . . . would or might result in a mishap and injury, then the party is not required to do anything to correct [the] condition.” Id., at 118, n. 7 (internal quotation marks omitted).[12] If negligence is proved, however, and is shown to have “played any part, even the slightest, in producing the injury,” Rogers, 352 U. S., at 506 (emphasis added),[13] then *704 the carrier is answerable in damages even if “the extent of the [injury] or the manner in which it occurred” was not “probable” or “foreseeable.” Gallick, 372 U. S., at 120-121, and n. 8 (internal quotation marks omitted); see 4 F. Harper, F. James, & O. Gray, Law of Torts §20.5(6), p. 203 (3d ed. 2007); 5 Sand 89-21.
Properly instructed on negligence and causation, and told, as is standard practice in FELA cases, to use their“common sense” in reviewing the evidence, see Tr. 205 (Aug. 19, 2008), juries would have no warrant to award damages in far out “but for” scenarios. Indeed, judges would have no warrant to submit such eases to the jury. See Nicholson v. Erie R. Co., 253 F. 2d 939, 940-941 (CA2 1958) (alleged negligence was failure to provide lavatory for female employee; employee was injured by a suitcase while looking for a lavatory in a passenger car; applying Rogers, appellate court affirmed lower court's dismissal for lack of causation); Moody v. Boston & Maine Corp., 921 F. 2d 1, 2-5 (CA1 1990) (employee suffered stress-related heart attack after railroad forced him to work more than 12 hours with inadequate breaks; applying Rogers, appellate court affirmed grant of summary judgment for lack of causation). See also supra, at 699-700 (Rogers has generated no extravagant jury awards or appellate court decisions).
In addition to the constraints of common sense, FELA’s limitations on who may sue, and for what, reduce the risk of exorbitant liability. As earlier noted, see supra, at 691, the statute confines the universe of compensable injuries to those sustained by employees, during employment. §51. Hence there are no unforeseeable plaintiffs in FELA cases. And the statute weeds out the injuries most likely to bear only a tenuous relationship to railroad negligence, namely, those occurring outside the workplace.[14]
*705 There is a real risk, on the other hand, that the “in natural or probable sequence” charge sought by CSX would mislead. If taken to mean the plaintiff’s injury must probably (“more likely than not”) follow from the railroad’s negligent conduct, then the force of FELA’s “resulting in whole or in part” language would be blunted. Railroad negligence would “probably” cause a worker’s injury only if that negligence was a dominant contributor to the injury, not merely a contributor in any part.
* * *
For the reasons stated, it is not error in a FELA case to refuse a charge embracing stock proximate-cause terminology. Juries in such cases are properly instructed that a defendant railroad “caused or contributed to” a railroad worker’s injury “if [the railroad’s] negligence played a part — no matter how small — in bringing about the injury.” That, indeed, is the test Congress prescribed for proximate causation in FELA cases. See supra, at 696, 700. As the courts below so held, the judgment of the U. S. Court of Appeals for the Seventh Circuit is

Affirmed.

 Justice Thomas joins all but Part III-A of this opinion.

 In Sorroll, tho Court hold that the causation standard was the same for railroad negligence and employee contributory negligence, but said nothing about what that standard should be. 549 U. S., at 164-165.

 In face of Rogers’ repeated admonition that the “any part... in producing the injury” test was the single test for causation under FELA, the dissent speculates that Rogare waa oimply making a veiled reference to a *695 particular form of modified comparative negligence, i. e., allowing plaintiff to prevail on showing that her negligence was “slight” while the railroad’s was “gross.” Post, at 713-714. That is not what Rogers conveyed. To repeat, Rogers instructed that “the test of a jury ease [under FELA] is simply whether ... employer negligence played any part, even the slightest, in producing the injury.” 352 U. S., at 506.

 The dissent, while recognizing “the variety of formulations” courts have employed to define “proximate cause,” post, at 707, does not say which of the many formulations it would declare applicable in FELA cases. We regard the phrase “negligence played a part — no matter how small,” see Rogers, 352 U. S., at 508, as synonymous with “negligence played any part, even the slightest,” see id., at 506, and the phrase “in producing the injury” as synonymous with the phrase “in bringing about the injury.” We therefore approve both the Seventh Circuit’s instruction and the “any part, even the slightest, in producing the injury” formulation. The host of definitions of proximate cause, in contrast, are hardly synonymous.

 CSX and the dissent observe, corroctly, that some of our pre -Rogers decisions invoked common-law formulations of proximate cause. See, e. g., Brady v. Southern R. Co., 320 U. S. 476, 483 (1943) (injury must be “the natural and probable consequence of the negligence” (internal quotation marks omitted)). Indeed, the “natural or probable” charge that CSX requested was drawn from Brady, which in turn relied on a pre-FELA ease, Milwaukee & St. Paul R. Co. v. Kellogg, 94 U. S. 469,- 475 (1877). But other pre-Rogers FELA, decisions invoked no common-law formulations. See, e. g., Union Pacific R. Co. v. Huxoll, 245 U. S. 535, 537 (1918) (approving instruction asking whether negligence “contribute[d] ‘in whole or in part’ to cause the death”); Coray v. Southern Pacific Co., 335 U. S. 520, 524 (1949) (rejecting use of common-law “dialectical subtleties” concerning the term “proximate cause,” and approving use of “simple and direct” statutory language). We rely on Rogers not because “time begins in 1957,” post, at 711, but because Rogers stated a clear instruction, comprehensible by juries: Did the railroad’s “negligence pla[y] any part, even the slightest, in producing [the plaintiff’s] injury?” 352 U. S., at 506. In so instructing, Rogers replaced the array of formulationo then prevalent. We have repeated the Rogers instruction in subsequent opinions, and *698 lower courts have employed it for over 60 years. To unsettle the law as the diasent urges would show scant rospeot for the principio of stars decisis.

 See Moody v. Maine General R. Co., 823 F. 2d 693,696 696 (CA1 1987); Ulfik v. Metro-North Commuter R. Co., 77 F. 3d 64, 68 (CA2 1996); Hines v. Consolidated Rail Corporation, 926 F. 2d 262, 267 (CA3 1991); Hernandez v. Trawler Miss Vertie Mae, Inc., 187 F. 3d 432, 436 (CA4 1999); Nivens v. St. Louis Southwestern R. Co., 425 F. 2d 114, 118 (CA5 1970); Tyree v. New York Central R. Co., 382 F. 2d 524, 527 (CA6 1967); Nordgren v. Burlington No. R. Co., 101 F. 3d 1246, 1249 (CA8 1996); Claar v. Burlington No. R. Co., 29 F. 3d 499, 503 (CA9 1994); Summers v. Missouri Pacific R. System, 132 F 3d 599, 606-607 (CA10 1997); Sea-Land Serv., Inc. v. Sellan, 231 F. 3d 848, 851 (CA11 2000); Little v. National Railroad Passenger Corporation, 865 F. 2d 1329 (CADC 1988) (table).

 All five Circuits that have published pattern FELA causation instructions use the language of the otatutc or of Rogers rathor than traditional common-law formulations. See Brief for Academy of Bail Labor Attorneys as Amicus Curiae 19-20.

 See id., at 21-22, 25-27 (collecting cases and pattern instructions). The parties dispute the exact figures, but all agree there are no more than a handful of exceptions. The Seventh Circuit found “[a]t most” three. 598 F. 3d 388, 404, n. 7 (2010).

 See, e. g., DePareq, The Supreme Court and the Federal Employers' Liability Act, 1956-57 Term, 36 Texas L. Rev. 145, 154-155 (1957); 2 J. Lee & B. Lindahl, Modern Tort Law: Liability and Litigation §24:2, pp. 24-2 to 24-5 (2d ed. 2005); 9 A. Larson & L. Larson, Larson's Workers' Compensation Law § 147.07[7], pp. 147-19 to 147-20 (2010); Prosser and Keeton § 80, p. 579.

 Pressed on this point at oral argument, CSX directed us to two cases cited by ito amicus. In Richards v. Consolidated Rail Corporation, 330 F. 3d 428, 431, 437 (CA6 2003), a defective brake malfunctioned en route, and tho employee was injured while inspecting underneath the train to locate tho problem; the Sixth Circuit sent the caae to a jury. In Norfolk Southern R. Co. v. Schumpert, 270 Ga. App. 782, 783-786, 608 S. E. 2d 236, 238 230 (2004), the employee was injured while replacing a coupling dc vice that foil to the ground bocauoc of a negligently absent pin; the court upheld a jury award. In our view, the causal link in these cases is hardly farfetched; in fact, in both, the lower courta observed that the evidence did not show mere “but for” causation. See Richards, 330 F. 3d, at 437, and n. 5; Schumpert, 270 Ga. App., at 784, 608 S. E. 2d, at 239.

 See, e.g., Summers, 132 F. 3d, at 606; Oglesby v. Southern Pacific Transp. Co., 6 F. 3d 603, 609 (CA9 1993).

 See, e.g., Act of Sept. 7, 1916, ch. 458, § 1, 39 Stat. 742-743 (United States not liable to injured employee whose “intoxication ... is the proximate cause of the injury”); Act of Oct. 6, 1917, ch. 105, § 306, 40 Stat. 407 (United States liable to member of Armed Forces for postdiseharge disability that “proximately resulted] from [a predischarge] injury”); Act of June 5, 1924, ch. 261, § 2,43 Stat. 389 (United States liable for “any disease proximately caused” by federal employment).

 A railroad’s violation of a safety statute, however, is negligence per se. See Kernan v. American Dredging Co., 355 U. S. 426, 438 (1958).

 The dissent protests that we would require only a showing that “defendant was negligent in the first place.” Post, at 717. But under Rogers and the pattern instructions based on Rogers, the jury must find that defendant’s negligence in fact “played a part — no matter how small — in bringing about the injury.” See supra, at 690, 698-699 (Seventh Circuit pattern instruction and model federal instructions).

 CSX observes, as does the dissent, post, at 708-709, that we have applied traditional notions of proximate causation under the Racketeer Influenced and Corrupt Organizations Act, antitrust, and securities fraud statutes. But those statutes cover broader classes of potential injuries *705 and complainants. And none assign liability in language akin to FELA’o “resulting in whole or in par?’ standard. §51 (emphasis added). See Holmes v. Securities Investor Protection Corporation, 503 U. S. 258, 265-268 (1992); Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U. S. 519, 529-535 (1983); Dura Pharmacouticals, Inc. v. Broudo, 511 U. S. 336, 342-346 (2005).